## KILPATRICK *et al. vs.* STROZIER *et al.*

1. Where a demurrer is filed to a bill for want of equity, and overruled, the decision thereon is conclusive until properly reviewed and reversed.

2. A minor defendant to a bill in equity having been served, in the absence of a guardian, the appointment of a guardian *ad litem* to represent her interest was proper.

3. Where the real complainants and parties to a contract are minors, a 'next friend who represents them in the litigation, is not such a party as to render her an incompetent witness on account of the death of the other party to the contract. If the *prochein ami* be the mother of the minors, such fact only goes to her credit.

4. One question in a case being whether a deed was voluntary, or for a valuable consideration, testimony that the grantee rendered services to the grantor is irrelevant, unless connected with the making of the deed in some way.

(*a*.) One party to a contract being dead, the other is incompetent to testify to such contract in his own behalf.

5. Equity will not correct a mistake in a voluntary deed to the injury of a *bona fide* purchaser for value and without notice.

6. The record of a deed, which on its face does not include a certain tract of land, is no notice in reference thereto.·

7. A charge not authorized by evidence should not be given.

(*a*.) If the equities of contending parties are equal, the law will prevail.

8. If a deed, whether by mistake or not, does not include a certain tract of land, there can be no constructive possession of such land under it.

(*a*.) To authorize a decree for specific performance of a parol contract in favor of a volunteer, there must be a meritorious consideration and valuable improvements made on the faith of such agreement.

Equity. Practice in Superior Court. *Res Adjudicata.* Minors. Witness. Evidence. Equity. Deeds. Notice. Volunteers. Before Judge SIMMONS. Bibb Superior Court. April Term, 1881.

In addition to the report contained in the decision, it is only necessary to state that the following were among the grounds of the motion for new trial:

(1), (2), (3), (4). Because the verdict was contrary to law, evidence and equity.

(5). Because on the trial the court granted an order appointing a guardian *ad litem* for one of the defendants who was a minor. [The motion for new trial recites, that it did not appear that she had been served with the bill or subpœna, but there is an entry by the sheriff of personal service on the minor, on the bill.]

(6.) Because the court allowed Mrs. Strozier, who appeared as next friend for some of the minor complainants, who were her children, to testify as to the possession and occupancy of the land and acts of ownership exercised by the children, the grantor in the deed sought to be corrected being dead.

(7.) Because the court refused to allow one of the de-

fendants to testify that she rendered services to the grantor under whom both parties claimed, counsel stating that he did not expect to prove any contract.

(8.) Because the court charged as stated in the fifth division of the decision.

(9.) Because the court charged as stated in the sixth division of the decision.

(10.) Because the court charged as stated in the seventh division of the decision.

(11.) Because the court charged, in effect, that if the complainants received a voluntary deed from their grantor, and the contract was executed by their going into possession of the land, and by delivery of the deed, a court of equity would protect them.

The motion was overruled, and defendants excepted.

HILL & HARRIS, for plaintiffs in error.

LYON & GRESHAM, for defendants.

JACKSON, Chief Justice.

The bill was filed by the grandchildren of Charles Strozier to reform a deed by correcting a mistake therein. The alleged mistake is the omission of the words "of the west half," so as to make the deed read the southeast corner of the west half of lot 209, instead of the southeast corner of lot 209. It was brought against Ann Kilpatrick, a former slave of Charles Strozier, who claimed five acres in the southeast corner of said west half, her deed being all right, and not needing any correction of mistake therein. The deed to the grandchildren was executed in 1866; that to the defendant in 1870. That to complainants is on its face voluntary; that to defendant is on its face for value. Complainants, through their mother, they being then infants, built a house on the twenty-five acres, but not on that part in dispute, and the gift was in consideration of that occupancy and the erection of that

house.    There is no proof that the deed to the defendant was not, as it purported to be, for value.    The common grantor, Charles Strozier, did not own the whole of lot 209, but only the west half, and could not have conveyed the southeast corner of the entire lot, because it would have been land that he did not then and never did own.

The jury, under the charge of the court, on the testimony of several witnesses *pro* and *con*, found for complainants, the court decreed accordingly, refused to grant a new trial, and error is assigned on that refusal on all the grounds taken in the motion.

1. There was no error in the denial of defendant's motion to dismiss the bill at the trial, for the reason that a demurrer and motion to dismiss it had been made and overruled several terms before, and that judgment had never been excepted to.

The equity of the bill was thus *res adjudicata* in the cause, and could not be disputed, if the facts alleged in it were proved on the hearing.

2. The minor was served, and it was right to appoint a guardian *ad litem* for her.

3. It was competent for Mrs. Strozier to testify to occupancy of the land and acts of ownership in cutting and hauling off timber thereon, inasmuch as she has no legal interest under the deed to her children, and is merely suing as their next friend.    What she testifies goes only to her credit as the mother of the children.    In that sense of interest she is interested by affection, but not legally. She is no party to the contract or the cause of action.

4. The rendition of services by the defendant to Charles Strozier for three years was wholly irrelevant, unless to show that those services entered into the consideration for the land.    Therefore, when counsel stated that he did not propose to prove by her any contract in relation to said services, the testimony was inadmissible, because irrelevant, and if it had been proposed to connect them with the contract, then they would have been inadmissible,

because she was a party to the suit, and the other party to the contract on which her claim rested was dead.

5. The court erred in charging the jury as specified in the eighth ground of the motion for the new trial. That charge is to the effect that if Strozier intended to give to complainants land which included the five acres in dispute, "then they would be authorized to find for complainants, and it would be unnecessary to go further to· investigate the claim that Kilpatrick sets up." This charge cut off defendant's main defense, that she was a purchaser for value without notice, and equity would correct no mistake against her standing in the integrity of innocence, and armed with the panoply of a purchaser for value. Code, §§3092, 3119; *Spinks, trustee, vs. Cameron et al.* (this term).

No matter how clearly, therefore, the mistake appeared, and how strongly the intention of the grantor was proved to be to convey this parcel of five acres to the grandchildren as part of the twenty-five acres, equity would fold her arms in silence, and not open her mouth to speak the reformation of the deed, if thereby she would disturb the legal claim of an innocent purchaser for value without notice. Therefore the court should have said, in addition to what he did say, and immediately thereafter, unless she is an innocent purchaser for value without notice.

6. The court erred also; we think, in the charge specified in the ninth ground of the motion. That specification is: "See if the deed includes the five acres. If you believe it did, and if recorded in twelve months, then that was notice to her that it was included, or such notice as should put her on inquiry." As the deed stands without any correction of the mistake, these five acres are not in it. They are an entire half lot from it. It could not, therefore, be notice, though recorded all over the courthouse, of what it and its record did not show, nor could it put anybody on inquiry. *Spinks vs. Cameron et al., supra* (this term); 10 Vermont, 555.

7. So we also think that the court erred in the charge set out in the tenth ground. That charge is that "if she, Ann Kilpatrick, has only a voluntary deed she stands in no better condition than the children on that line. What I mean by voluntary is that she paid nothing for the land." The proof is that she paid five dollars for the land. The deed on its face shows it, a witness swears that the grantor told him she did, and there is no testimony in the record which contradicts it. If that money was paid, it is a valuable consideration, without reference to her three years' service, worth fifty dollars a year, according to the testimony of a witness, and which may have been that other consideration expressed in the deed as "divers good causes."

The charge was wrong, as putting a case not authorized by evidence, and if both had been naked volunteers, it was wrong as a legal principle. Where equities are equal the law will prevail. Code, §3087. And a deed purely voluntary, but covering the land in dispute, will prevail over one also purely voluntary, not covering it, until equity has corrected it so as to make it cover the land.

8. The charge complained of in the eleventh ground is law as it stands, if this is an executed contract. Code, §3116. The court considered it executed if the deed was made and delivered, and the complainants put in possession of the five acres; but is there evidence of the possession of the five acres? There could be no constructive possession under the deed, because as made it covered none of the southeast corner of the west half, and there was no *possessio pedis* of any part of these five acres. The house, and land enclosed and cultivated, was in their actual possession, but it extended no further.

If it was sought to have a specific performance of a contract for the land, then it rests upon different principles. The element of valuable improvements must be added to possession. Code, §§3187, 3189; 29 *Ga.*, 758; 33 *Ib.*, 9.

Kilpatrick *et al. vs.* Strozier *et al.*

We think that the court should have instructed the jury in connection with the doctrine of an executed contract, and possession under it, to the effect that unless the deed covered the land there could be no constructive possession under it, and that to authorize a decree for specific performance of a contract resting in parol, there must be in the case of volunteers a meritorious consideration for the agreement, and valuable improvements made on the faith of the agreement.

But in our judgment the case demands a new trial, especially because of the charge in relation to constructive notice by virtue of the record of a deed which did not touch the land in dispute, as it was spread on the record, and could be notice to nobody about that land, nor could it put anybody on inquiry about land it did not touch; and also because of the charge that if the jury were satisfied that the donor intended to embrace these five acres in the deed, then "it would be unnecessary to go further to investigate the claim that Kilpatrick sets up," which cut up by the roots her strongest defense, that she was an innocent purchaser for value without notice.

On these errors of law we grant a new trial; and we do so the more willingly because it seems to us from the evidence in the record that the defense of this colored woman of her right to the land her old master conveyed to her for five dollars, proved to have been actually paid to him, and not inserted in the deed *pro forma*, as well as " for divers other good causes," is a defense not without merit.

Judgment reversed.