<hr />

## GRAHAM vs. MITCHELL.

Where a plaintiff in ejectment showed a title by grant from the State, and the defendant relied on a prescriptive title, but failed to show continuous adverse possession for the statutory period, either in himself or tenants or any one from whom he derived title, and to whose possession his could be tacked, a verdict for the plaintiff was demanded by the evidence.

(a) It was error to charge that the burden was on the defendant to show to the satisfaction of the jury, beyond a reasonable doubt, that he had a better title than the plaintiff; but such error did not hurt the defendant, inasmuch as the verdict was demanded by the evidence and could not have been otherwise than it was.

(b) Grounds of error not certified by the presiding judge cannot be considered by this court.

December 7, 1886.

Verdict. Title. Ejectment. Charge of Court. Practice in Supreme Court. Before Judge ESTES. Lumpkin Superior Court. April Term, 1886.

Reported in the decision.

WIER BOYD; M. G. BOYD, by brief, for plaintiff in error.

W. P. PRICE, by brief, for defendant.

HALL, Justice.

This was an action in the statutory form for the recovery of lot of land number 720 in the 5th district and 1st section of Lumpkin county. On the trial of the case, the plaintiff produced and relied upon a grant to the prem-

ises in dispute, issued by the State to her on the 20th day of May, 1846. It appears that she had never sold the land to any one. The defendant did not claim that he derived title from her, but, through others, from one Philip Van Horne, who made a deed in 1857 to the Gaddises, who were, with others, through sheriffs' sales, the immediate feoffors of defendant, who seems to have resided only for a short time on the premises when he went to the Rocky mountains. The title under which he claims bore date in 1859, and when he returned from his western trip, during the late war, all the improvements on the land, houses, fences and everything of that character, had been destroyed, and no attempt was made to re-occupy the premises until just before the commencement of this suit. From 1866 to that time, there were frequent entries on the land to prospect for gold, and occasionally some ore was mined. When this grant issued, the plaintiff was an infant only a few weeks, or at most months, old. The grant was taken out for her by her father, the late William L. Mitchell, of Athens, who, up to his death, paid taxes on the lot, and since that time she has paid the taxes. She never heard of any counter-claim until 1883, and commenced her suit early in 1885. There not being the slightest evidence of any continuous possession of the land, adverse or otherwise, for the statutory period since she attained her majority or before that time, the jury found for her the premises in dispute, and as prescription did not run against her during her minority, and as there was no evidence of any continuous adverse holding against her by the defendant, or any one from whom he derived title, to whose possession his title could be tacked, or any person holding under him as his tenant (code §§2678, 2679, 2683, 2686, 2687), the verdict was imperatively demanded and no other could have been lawfully found.

Although the court erred in charging the jury that the *onus* was on the defendant to show to their satisfaction,

beyond a reasonable doubt, that he had a better title than the plaintiff, this was error that did not hurt him, since the verdict could not have been other than it was and a new trial would not result differently. In a more doubtful case, this assignment of error must have resulted in a reversal of the judgment refusing a new trial.

The other error assigned on the charge of the court, in the motion for a new trial, is not certified by the judge and cannot, therefore, be considered.

Judgment affirmed.