ceptions," is without effect, inasmuch as statutory requirements can neither be modified nor dispensed with on account of any opinion a member of the judiciary may entertain.

December 6, 1893.                              *Writ of error dismissed.*

M. G. BAYNE, by HARRIS & HARRIS, for plaintiff in error. DESSAU & HODGES, L. D. MOORE, HARDEMAN & SON and R. D. SMITH, *contra.*

---

## THOMPSON v. McGHEE.

Under the act of September 26th, 1883 (Acts of 1882–3, pp. 103–4), which makes applicable to bills of exceptions sued out in cases of *mandamus* the law regulating the practice in injunction cases, a bill of exceptions assigning error upon the refusal of the court to grant a *mandamus* absolute must be tendered and certified within twenty days from the date of the decision complained of, whether rendered in term or during vacation. When the bill of exceptions is certified more than twenty days after the date of such decision, the writ of error must be                              *Dismissed.*

January 27, 1894.

M. G. BOYD, for plaintiff.
PRICE & CHARTERS, for defendant.

---

## CONWELL v. McWHORTER, judge.

Where a case was tried in the superior court, a motion for a new trial filed, and an order passed setting a day for hearing the motion in vacation and granting the movant until the hearing to prepare and present for approval a brief of the evidence, the order further providing that if the motion was not heard on the day appointed it might be heard thereafter at a time to be designated by the judge, after five days notice to the parties; and before the arrival of the day first appointed for hearing the motion, the judge before whom the case was tried and before whom the motion was returnable, and who was not the judge of the circuit including the county in which the case was tried, had resigned his office, and therefore could take no further official action, this court will not grant a *mandamus nisi* requiring the judge of the circuit to show cause why he should not approve a brief of evidence tendered by counsel for movant. Under the ruling in *Central Railroad & Banking Company of Georgia* v. *Miller, judge,* 91 *Ga.* 83, 16 S. E. Rep.