## HOLDER *et al.* v. JELKS *et al.*, and *vice versa.*

No judgment in a mandamus case, though the same be one finally disposing of it upon its merits, can be properly brought to the Supreme Court except by a "fast" bill of exceptions. The decision of this court in *Thompson* v. *McGhee*, 93 *Ga.* 254, is, upon a review thereof, approved.

Argued June 28, — Decided August 7, 1902.

Motion to dismiss the writ of error; and motion to transfer.

*W. L. Grice & Sons* and *J. H. Martin*, for Holder et al.
*Hardeman, Davis, Turner & Jones* and *T. C. Taylor*, contra.

LUMPKIN, P. J. A petition for mandamus and injunction by Jelks and others against Holder and others, composing the board of education of Pulaski county, and Sanders, county school commissioner, was presented to his honor D. M. Roberts. He granted an order requiring the defendants to show cause, on the 3d day of February, 1902, why the writ of mandamus should not issue. There was a postponement of the hearing until February 5. On that day "the said case came up for a hearing, and was heard and tried" upon the petition, a demurrer and answer thereto which had been filed by the defendants, and upon evidence submitted by both sides. The judge passed an order overruling the demurrer, and directed that the case be returned to the ensuing February term of the court, on the ground that it involved issues of fact which should be passed upon by a jury. The defendants excepted pendente lite

to the overruling of their demurrer. The case coming on for a hearing in term, the defendants again presented and insisted upon their demurrer, which had been overruled as stated. The judge, there being no objection on the part of counsel for the plaintiffs, heard argument on this demurrer, and at the conclusion of the discussion announced orally that he would sustain the same on the ground that injunction and mandamus could not be joined in one and the same action. Thereupon the plaintiffs amended their petition so as to eliminate therefrom "the injunction feature" of the case. The court then passed another order overruling the demurrer, and the case went to trial before a jury, both sides introducing testimony. After the same had been closed, the court ruled out all the evidence of the defendants, and directed a verdict for the plaintiffs. Subsequently the defendants presented to the judge a bill of exceptions. It was not, however, tendered within the time allowed by law for suing out "fast" writs of error. In this bill of exceptions error was assigned upon the first order overruling the defendants' demurrer to the plaintiffs' petition to which exception had been taken pendente lite; also, upon the order overruling this demurrer the second time; also, upon the ruling out of the testimony introduced for the defendants at the trial before the jury; and, also, upon the direction of the verdict in favor of the plaintiffs. There are in the bill of exceptions numerous other assignments of error upon rulings made while the trial was in progress before the jury, but they are wholly immaterial to the present inquiry, which is whether or not this court should sustain a motion to dismiss the writ of error, made by the defendants in error when the case was called here, and based on the ground that the bill of exceptions was not tendered to the judge in due time. Counsel for the plaintiffs in error sought to meet this motion by another, which was to transfer the case to the next term on the ground that it properly came here upon an ordinary or "slow" writ of error, and that the clerk had erroneously placed it upon the docket of the present term. We think the motion to dismiss should prevail. Though the obvious purpose of the bill of exceptions is to reverse a final judgment adverse to the plaintiffs in error which had been rendered in a mandamus case, and they are seeking to bring about this result by setting aside rulings which led to the rendition of that judgment, we are nevertheless of the opinion that the bill of

exceptions was tendered too late.    Indeed, we do not regard the question as an open one.

Section 4874 of the Civil Code reads as follows : " Upon refusal to grant the mandamus nisi, petitioner may have his bill of exceptions to the Supreme Court, as in cases of the granting and refusing injunctions, and either party dissatisfied with the judgment on the hearing of the answer to the mandamus nisi may likewise file his bill of exceptions." This section was codified from the act of September 26, 1883, " to fix the time and method of trial in cases of mandamus before the judges of the superior courts, and in the Superior and Supreme Courts." Acts of 1882 – 3, p. 103. This act was under construction in the case of *Thompson* v. *McGhee*, 93 *Ga.* 254, in which this court ruled that " a bill of exceptions assigning error upon the refusal of the court to grant a mandamus absolute must be tendered and certified within twenty days from the date of the decision complained of, whether rendered in term or vacation "; and that when " the bill of exceptions is certified more than twenty days after the date of such decision, the writ of error must be dismissed." Plainly and unmistakably this decision means that no judgment in a mandamus case, though the same be one finally disposing of it on its merits, can be properly brought to this court except by a " fast " bill of exceptions. We were asked to review and overrule the ruling made in the case cited. We decline to do so, but adhere to it as correct. As the writ of error upon the main bill of exceptions must be dismissed, it is not necessary to pass upon the cross-bill of exceptions.

*Writ of error in each case dismissed.    All the Justices concurring, except Lewis, J., absent.*