## HIX *v.* GULLEY.

124  547
f129  546

1. When the court provisionally admits evidence on the statement of counsel that he will subsequently supply a defect in the preliminary proof necessary to its admission, it is not for the judge of his own motion to determine whether such defect has been supplied and rule out the evidence, without a request to that effect from the other party.

2. In the trial of a case involving the location of a dividing line between coterminous landowners, evidence of a witness examined by interrogatories, that a given corner "was recognized by all the adjoining landowners as the true corner," was properly excluded, when it did not appear from the answer of the witness who were the landowners referred to, whether they were owners of the land at the time they recognized the true corner, or at what date this recognition was made by them.

3. The evidence, though conflicting, was sufficient to authorize the verdict. There was no complaint of the charge of the judge; and if any error was committed in the admission or rejection of evidence, it was not of such a character as to require the granting of a new trial.

Argued December 1,—Decided December 22, 1905.

Complaint for land.    Before Judge Holden.    Hart superior court.    January 4, 1905.

*J. N. Worley* and *A. G. & Julian McCurry,* for plaintiff in error. *James H. Skelton,* contra.

CANDLER, J.    This was an action of ejectment which involved the question as to the location of the dividing line between two coterminous landowners. The evidence was voluminous, but an examination of the brief of evidence discloses that it was of such a character that a verdict in favor of either party would have been authorized. The trial resulted in a verdict in favor of the plaintiff, and a motion for new trial, made by the defendant, was overruled; to which ruling he excepted. Therefore it is only necessary to determine whether there was any error of law committed which would require the granting of a new trial.

1. In one ground error is assigned upon the admission of a deed. In the ground the names of the parties, the date, and the names

of the attesting witnesses are stated. It does not appear therefrom what land was conveyed by the deed. Objection was made to this instrument on the ground that its execution had not been proved and it had not been recorded. The court admitted the deed upon the statement of counsel for plaintiff that evidence would be introduced to show that plaintiff's predecessor in title received the deed some thirty years before the suit was brought, and the same had been in the possession of persons claiming the land since that time. It appears that this evidence was not thereafter introduced. The attention of the judge should have been called to this fact before the case was closed, and a motion made to rule out the deed. This not having been done, complaint can not be made in a motion for a new trial as to the admission of the deed. See *Stone* v. *State,* 118 *Ga.* 705 (9) ; *Cawthon* v. *State,* 119 *Ga.* 396 (7). In addition to this, the ground was insufficient in that it did not describe the deed so that it could be determined from the motion alone whether the admission of the deed was erroneous.

2. One of the witnesses was examined by interrogatories. One of the interrogatories was as follows: "State whether or not the corner at the east end of said line was a hickory corner, and state whether or not said hickory was recognized by all the adjoining landowners as the correct corner;" and the answer to this interrogatory was as follows: "The corner at the east end of said line was a hickory corner, and was recognized by all the landowners as being the true corner." This interrogatory was objected to as leading, and the court sustained the objection and ruled out the question and answer. We do not think the question was a leading question. See *Franks* v. *Gress Lumber Co.,* 111 *Ga.* 87. Neither do we think there was any error in rejecting the evidence. It did not appear therefrom who were the landowners referred to, nor whether they were landowners at the time of the recognition of the corner, nor that the persons referred to as recognizing the corner were landowners at the time the recognition was made.

3. The motion for a new trial contained a number of other grounds relating to the rejection of evidence, but the questions raised are not of such a character that it would be profitable to enter into an extended discussion in reference to them. Most of the grounds are wholly without merit, and if the court committed any error at all, either in the admission or rejection of evidence, the

error was not of such a character as to require the granting of a new trial.          *Judgment affirmed.    All the Justices concur.*