GEORGIA RAILROAD & BANKING CO. *v.* CITY OF ATLANTA.

EVANS, P. J.   1. In a controversy between a city and a landowner as to the existence of a street across the landowner's property by dedication or prescriptive use, evidence illustrating recognition of the strip of land as a street by the city is admissible. The evidence allowed, and of which complaint is made in the 2d, 3d, 4th, and 5th grounds of the amended motion, is admissible.

2. Upon proof by a civil engineer that a certain map is a correct delineation of the streets of a city in the vicinity of the disputed street, the map is admissible for the purpose of illustrating the evidence relative to the existence or non-existence of the street.

3. Where a petition by a railroad company is brought against a city to enjoin prosecutions of its employees under an ordinance prohibiting the obstruction of a street, wherein it is alleged that the property claimed

to be a street is not a street, but is the private property of the plaintiff; and the prayer is not only for injunction against the prosecutions of the plaintiff's servants, but also against the city's interference with the plaintiff's property rights; and it is further prayed that the title to the land be decreed to be in the plaintiff; and where, after both sides have submitted evidence, the presiding judge announces that he is of the opinion that the plaintiff has not made out such a case as authorizes a court of equity to interfere with the enforcement of a criminal law, it is error to direct a verdict for the defendant where the evidence does not demand a finding that there was a street over the locus in dispute. See *Georgia Railroad Company* v. *City of Atlanta*, 118 *Ga.* 486 (45 S. E. 256); *McCoy* v. *Central Ry. Co.*, 131 *Ga.* 378 (62 S. E. 297).

*Judgment reversed. All the Justices concur, except Beck, J., absent, and Holden, J., disqualified.*

August 10, 1910.

Equitable petition. Before Judge Pendleton. Fulton superior court. January 27, 1909.

This case was of like kind to that reported in 118 *Ga.* 486; the dispute being as to the legal existence of any continuation of Yonge street farther south than Decatur street, crossing the railroad tracks of the plaintiff and extending to the city cemetery. The evidence referred to in the first headnote (which was admitted over objection that it was irrelevant, it not being competent to show dedication by the plaintiff or acceptance by the defendant, or prescription) was: The testimony of the city engineer, that no assessment was made against this forty-foot street or strip, for sewers or such work, because "we considered it as a street, and we do not assess streets." And that of a city tax assessor, that, in assessing property for taxation, "we do not assess that part which is covered by the approach to the crossing; we recognized that as a street." And that of Mike Mahan, that he "was fined for blocking cemetery crossing." And a transcript from the city recorder's docket, showing entry of judgment of guilty and sentence against Mike Mahan for obstructing street crossing. And a resolution of the city council, directing the placing of an arc light at the east side of cemetery crossing on Decatur street, in lieu of the incandescent light at the corner of Yonge and Decatur streets.

The court directed a verdict in favor of the city, and overruled a motion for new trial; and the railroad company excepted.

*Joseph B. & Bryan Cumming* and *McDaniel, Alston & Black*, for plaintiff.

*James L. Mayson* and *William D. Ellis Jr.*, for defendant.