### BAKER *v.* WHITE *et al.*

HOLDEN, J. 1. "In order to acquire a prescriptive title by virtue of possession alone for twenty years, such possession must be actual, and the prescription will not extend beyond the possessio pedis. If one seeks to prescribe by virtue of actual possession alone, without color of title, he should show the extent of such possession." *Tillman* v. *Bomar,* 134 *Ga.* 660 (5), 661 (68 S. E. 504).

(*a*) Tested by the rule of law above quoted, the evidence was insufficient to authorize the jury to find that the defendants in error, by actual adverse possession for 20 years in good faith, acquired a good prescriptive title to that portion of the land in dispute on which there was growing timber; and it was erroneous for the court to give to the jury the charges of which complaint is made, authorizing the jury to so find.

2. It was error to charge: "The law on this subject is that when it

appears from the evidence that a claimant of land has for a long period of time exercised proprietary rights thereover, which might have had a lawful origin from another, the exercise of which proprietary rights or acts of ownership might and naturally would have been prevented by the person or persons interested if there had been no such grant, then a presumption may arise that such proprietary rights had a lawful origin, and that it was created by a proper instrument which has been lost." It was also error to charge: "This defense stands upon a somewhat different basis from the defense of title by prescription, in this: That the defense of title by prescription must be established by proof of actual adverse possession of the land in dispute by the defendant for a period of twenty years, regardless of the proof of other facts or circumstances other than that of actual adverse possession for such period of time; on the other hand, the defense of title by presumption of a grant may be established partly by possession of the land by defendant for a long period of time, and partly by proof of other facts and circumstances cogently tending to establish the fact that there must have been a grant of title to the party in possession by those who would otherwise be adversely interested in the land, and who, with knowledge for a long period of time of the assertion of title to the land by the party in possession, have asserted no contrary interest or title, or who may have actually admitted the title to be in the party in possession." The other portions of the charge excepted to on the subject of the presumption of a grant, taken in connection with the context, were also erroneous.

(a) A grant of land from the true owner to another not his child can not be presumed, where such other person has not been in actual adverse possession of the land under a claim of right in good faith for 20 years; and the evidence did not authorize a charge on the subject of the presumption of a grant of the land in dispute, on which there was growing timber.

3. The plaintiff in error held a deed from the heirs at law of Nancy Smith to a tract of land including the land in dispute, and introduced evidence tending to show that he had in good faith for 7 years been in actual adverse possession of a part of the tract of land conveyed by this deed; and it was error to exclude evidence that Nancy Smith sold and cut timber from the land, and that he, after the deed to him was executed and delivered and while he was in actual adverse possession of a part of the tract, cut timber on said land. The fact that those portions of the tract from which timber was thus sold and cut constituted no part of the land in dispute between the plaintiff and the defendant would not render the testimony inadmissible.

4. Except as pointed out in the preceding notes, there was no error requiring a new trial. *Judgment reversed. All the Justices concur.*

JULY 11, 1911.

Equitable petition. Before Judge Foute (presiding instead of Judge Fite, disqualified). Bartow superior court. July 29, 1910.

*Thomas W. Milner & Son* and *Rosser & Brandon,* for plaintiff.

*John H. Wikle* and *James M. Neel,* for defendants.