17860.  BOOKER *et al.* v. BOOKER.

BROYLES, C. J. 1. "Acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." Civil Code (1910), § 3821. The line so established is binding on the grantees of

---

Adverse Possession, 2 C. J. p. 141, n. 68.
Boundaries, 9 C. J. p. 244, n. 2; p. 245, n. 9; p. 247, n. 27; p. 252, n. 9.
New Trial, 29 Cyc. p. 818, n. 30; p. 820, n. 35.

the coterminous proprietors. *Osteen* v. *Wynn*, 131 *Ga.* 209 (4) (62 S. E. 37, 127 Am. St. R. 212).

2. "Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession." Civil Code (1910), § 3822; *Camp* v. *Cochrane*, 71 *Ga.* 865 (2).

3. Under the above-stated rulings and the facts of the instant case, the finding of the jury that the line marked by the processioners was the true dividing line between the adjoining landowners in question was contrary to law and the evidence, and the refusal of the court to grant a new trial was error.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED APRIL 12, 1927. REHEARING DENIED MAY 12, 1927.

Processioning; from Lincoln superior court—Judge Perryman. November 10, 1926.

Application for certiorari was made to the Supreme Court.

*Burnside & McWhorter,* for plaintiffs in error.

*Clement E. Sutton,* contra.