## 19958.   BOOKER *et al. v.* BOOKER.

DECIDED APRIL 24, 1930.

*J. B. & T. R. Burnside,* for plaintiffs in error.
*Clement E. Sutton,* contra.

JENKINS, P. J.   1.   It is the duty of processioners, in tracing and marking land lines, to respect and follow the following rules: "Natural landmarks, being less liable to change, and not capable

of counterfeit, shall be the most conclusive evidence; ancient or genuine landmarks, such as corner stations or marked trees, shall control the course and distance called for by the survey. If the corners are established, and the lines not marked, a straight line, as required by the plat, shall be run, but an established marked line, though crooked, shall not be overruled; courses and distances shall be resorted to in the absence of higher evidence." Civil Code (1910), § 3820. "General reputation in the neighborhood shall be evidence as to ancient landmarks of more than thirty years standing; and acquiescence for seven.years, by acts or declarations of adjoining landowners, shall establish a dividing line." Civil Code (1910), § 3821. "Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession." Civil Code (1910), § 3822. A line established by acquiescence for seven years, by acts or declarations of adjoining landowners, is binding on the grantees of the coterminous proprietors. *Osteen* v. *Wynn*, 131 *Ga.* 209 (62 S. E. 37, 127 Am. St. R. 212); *Booker* v. *Booker*, 36 *Ga. App.* 738 (138 S. E. 251).

2. In the instant case there was evidence on behalf of the applicant which authorized the jury to find that the processioners, in running and marking the disputed line, had started at an established corner, and had, in marking the line, followed a plat attached by the former owner of the land owned by the applicant to a deed conveying such tract. The protestants, plaintiffs in error, relied upon an alleged possession and acquiescence for more than seven years by themselves and former owners, in the line as claimed by them; and upon the establishment of such line by agreement between the protestants and the applicant, and acquiescence therein for more than seven years. The testimony on behalf of the protestants failed to show actual possession by the protestants as contended by them, since it was undisputed that there was no cultivation on either side within a quarter of a mile of the disputed line, and that the land immediately adjacent to the disputed line had not been cultivated for at least forty years. The testimony by which it was sought to establish an agreement establishing such line between the protestants and the applicant was contradicted by the applicant, who testified that no such agreement had been entered into. The testimony by which it was sought to establish ac-

quiescence for more than seven years by former owners in the line as contended for by the protestants was also in dispute, since there was evidence tending to show that the predecessor in title of the applicant had pointed out both the line as contended for by the protestants and the line as run by the processioners as the true dividing line. There was also a dispute in the testimony as to the location of the growth similar to a hedgerow claimed by the protestants to be the dividing line, which, according to the testimony on behalf of the protestants, did not run along the entire distance of the dividing line, but began about a hundred yards or more from one side, and ran to within about a hundred yards of the other side, and which one witness testified was not a line hedgerow at all, but a growth along an old fence built by the predecessor in title of the applicant of his own land. In these circumstances, it can not be said as a matter of law that the verdict finding in favor of the return of the processioners was without any evidence to support it, and since the verdict has the approval of the trial judge, and no error of law is complained of, it can not be here set aside.

Judgment affirmed. Stephens and Bell, JJ., concur.