POWELL *et al.*, receivers, *v.* GEORGIA PUBLIC-SERVICE COMMISSION *et al.*

No. 12220.   JUNE 14, 1938.   REHEARING DENIED JUNE 25, 1938.

*Abit Nix, MacDougald, Troutman & Arkwright,* and *Harllee Branch Jr.,* for plaintiffs.

*M. J. Yeomans, attorney-general, Ellis G. Arnall, W. H. Duckworth, Howell & Post,* and *Reynolds & Brandon,* for defendants.

ATKINSON, Presiding Justice. The record shows an effort to bring the case to the Supreme Court by fast bill of exceptions, under the provisions of the Code, § 6-903. It is declared: "Upon the presentation of an application for mandamus, if the mandamus nisi shall be granted, the judge shall cause the same to be returned for trial not less than 10 nor more than 30 days from said date; the defendant to be served at least five days before the time fixed for such hearing. If the answer to said mandamus nisi shall involve no issue of fact, the same shall be heard and determined in vacation, unless court shall then be in session, when it may be determined in the superior court." Code of 1933, § 64-107. It is also declared that in all cases of "granting or refusing applications for injunction or . . mandamus . . the bill of exceptions shall be tendered and signed within 20 days from the rendition of the decision." § 6-903. It was held in *Thompson* v. *McGhee,* 93 *Ga.* 254 (19 S. E. 32): "Under the act of September 26th, 1883 (Acts of 1882-3, pp. 103-4), which makes applicable to bills of exceptions sued out in cases of mandamus the law regulating the practice in injunction cases, a bill of exceptions assigning error upon the refusal of the court to grant a mandamus absolute must be tendered and certified within twenty days from the date of the decision complained of, whether rendered in term or during vacation. When the bill of exceptions is certified more than twenty days after the date of such decision, the writ of error must be dismissed." This was reaffirmed, on request to review and overrule, in *Holder* v. *Jelks,* 116 *Ga.* 134 (42 S. E. 400), and again followed in *Sistrunk* v. *Mangum,* 138 *Ga.* 222 (75 S. E. 7), where it was held: "Where a judgment of the court refusing to

grant a mandamus absolute was rendered in term, on December 14, 1911, and the bill of exceptions assigning error thereon was certified on January 5, 1912, and there is nothing in the bill of exceptions, or the entries thereon, or the record, showing that the bill of exceptions was presented to the judge within twenty days from the date of the decision complained of, the Supreme Court is without jurisdiction to entertain the writ of error, and it must be dismissed." In that case the judgment was in fact rendered during a term of court; yet it was held that this court was without jurisdiction, because the record taken with the bill of exceptions did not affirmatively show that the bill of exceptions was "presented to the judge within twenty days from the date of the decision complained of."

The judgment of October 5, upon which error is assigned, deals with both mandamus and interlocutory injunction, but as to both forms of relief the judgment is reviewable under the Code, § 6-903, supra. Such judgments may be granted by the judges in term time or vacation. They are not such as the court will have jurisdiction only in term time, and bills of exceptions to such judgments are not allowable as ordinary bills of exceptions under § 6-902, providing that "The bill of exceptions shall be tendered to the judge who presided in the cause within 30 days from the adjournment of the court or the date of the decision at chambers; and in the event that the court shall not adjourn within 30 days from the date of the organization and opening of the court, such bill of exceptions shall be tendered to the judge who presided in the cause within 60 days from the date of the decision, judgment, verdict, or decree rendered." The provisions of § 6-903 do not countenance delay in presenting bills of exceptions to judgments granting or refusing mandamus or interlocutory injunction, longer than 20 days from the date of the decision. In *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984 (48 S. E. 380), it was held: "When a petition has been dismissed on demurrer, the plaintiff may, during the same term, move to reinstate the case, and when a hearing of such motion is ordered and the motion is overruled, a writ of error will lie to review such ruling." That and similar cases cited in the briefs for the plaintiffs in error did not involve grant or refusal of mandamus or injunction on fast writ of error, but referred to cases that were reviewable on ordinary bills of exceptions,

under what is now Code § 6-902, supra. Consequently such decisions are not applicable to the instant case, where the provision for review is by fast bill of exceptions.

In the instant case the suit for mandamus and injunction in separate counts was instituted August 21, 1937, returnable to the November term, 1937, of the superior court of Fulton County. The rule nisi was returnable September 15, 1937, which was in fact during the September term. The case was heard on October 2, and the decision was rendered on October 5, during the September term, denying the prayers of both counts. Twenty-five days thereafter (October 30) during the same September term the plaintiffs presented to the judges their motion to vacate the judgment of October 5 and allow an amendment to the petition and rehear the case on the petition as amended. The judges immediately granted a rule nisi calling upon the defendants to show cause on November 12 (which in fact was during the November term) why the motion should not be granted. The motion was heard at the appointed time, and the judges entered an order declining "to permit the plaintiffs to file the proffered amendment." The bill of exceptions does not show the date on which it was presented, but states that it was "within twenty (20) days from the rendition of the order of November 12, 1937," and it was actually certified on November 30, 1937. This fails as to both counts to show compliance with the provisions of the Code, § 6-903, as applied in the former decisions of this court. Relatively to the second count (seeking injunction) the action was returnable to the November term, which was the first or appearance term as to that part of the case. That being so, refusal of injunction on October 5, before such appearance term, could not have been a judgment rendered in term; and consequently relatively to the second count this further distinguishes the case from *Van Dyke* v. *Van Dyke,* supra. In the circumstances, the plaintiffs having failed to present the bill of exceptions within the time prescribed by law, the writ of error should be dismissed because the Supreme Court is without jurisdiction.

*Writ of error dismissed. All the Justices concur, except Russell, C. J., who took no part in the decision.*