## BRADLEY *v.* SHELTON.

BELL, Justice. In the instant suit for injunction and damages, the plaintiff alleged that he and the defendant were owners of adjacent city lots, that the defendant was digging a ditch for the purpose of laying a sewer, and in doing so is encroaching upon the property of the plaintiff. The defendant denied that the ditch would traverse any portion of the plaintiff's lot, and also asserted affirmative defenses. By the pleadings and the evidence the case was resolved into a dispute as to boundary. Soon after the introduction of evidence had begun, the defendant, in response to inquiry by the judge, admitted in open court that the plaintiff's deed and the plat of the city would establish the line where the plaintiff "contends that it is," except that it "has been placed somewhere else" in one or more of the ways alleged by the defendant. At the conclusion of the evidence, the plaintiff having waived his claim for damages, the court directed a verdict in favor of the plaintiff for injunction. The defendant's motion for new trial as amended was overruled, and he excepted. The bill of exceptions was presented for certification more than twenty days, but within thirty days, from the date of the judgment refusing a new trial. The defendant in error moved to dismiss the writ of error upon the ground that the bill of exceptions should have been tendered within twenty days, as in the case of a fast bill of exceptions assigning error upon the grant or refusal of an application for injunction. *Held:*

1. There is no merit in the motion to dismiss the writ of error. The exception was to a judgment refusing a new trial, and not to the grant of an injunction. In such case the provisions of the Code, § 6-903, as to fast bills of exceptions do not apply, notwithstanding the motion for new trial complained of a verdict in favor of the grant of an injunction. *DeVane* v. *Fambrough,* 133 *Ga.* 471 (66 S. E. 245); *Williamson* v. *Anderson Cotton Co.,* 146 *Ga.* 503 (91 S. E. 553); *Miller* v. *Gibbs,* 161 *Ga.* 698 (132 S. E. 626); *Elliott* v. *Adams,* 173 *Ga.* 312 (160 S. E. 336). On the question of practice the case differs from *Thompson* v. *McGhee,* 93 *Ga.* 254 (19 S. E. 32), *Holder* v. *Jelks,* 116 *Ga.* 134 (42 S. E. 400), and *Board of Veterinary Examiners* v. *Ruffin,* 147 *Ga.* 441 (94 S. E. 555), based on special statute relating to procedure in mandamus cases. Ga. L. 1882-1883, p. 103; Code, §§ 64-107, 64-108, 64-109, 64-110, 64-111; *Bridges* v. *Poole,* 176 *Ga.* 500, 506 (168 S. E. 577); *Powell* v. *Georgia Public Service Commission,* 186 *Ga.* 420 (197 S. E. 792).

2. The evidence was insufficient to show that the defendant had acquired title to the strip of land in dispute by actual adverse possession for a period of twenty years. Regardless of other questions, the evidence did not show that the defendant and his predecessors in title had been in physical or corporeal possession of such strip *continuously* for the period stated. Code, §§ 85-402, 85-403, 85-406. As to the character of possession necessary in such case, see *Royall* v. *Lisle,* 15 *Ga.* 545 (2) (60 Am. D. 712); *Hall* v. *Gay,* 68 *Ga.* 442 (a); *Baker* v. *White,* 136 *Ga.* 541 (71 S. E. 871). As to continuity, see *Durham* v. *Holeman,*

30 *Ga.* 619 (5); *Roe* v. *Morrison,* 30 *Ga.* 971 (2); *Graham* v. *Mitchell,* 78 *Ga.* 310; *Clark* v. *White,* 120 *Ga.* 957 (48 S. E. 357).

3. Nor was the evidence sufficient to show that the defendant had acquired prescriptive title to the strip in question by seven years possession under color of title, since color of title will not extend beyond the description contained in the grant. Code, §§ 85-404, 85-405, 85-407; *Kilpatrick* v. *Strozier,* 67 *Ga.* 247 (8); *McKay* v. *Kendrick,* 44 *Ga.* 607; *Brown* v. *Hester,* 169 *Ga.* 410 (150 S. E. 556).

4. An unascertained or disputed boundary line between coterminous proprietors may be established either (1) by oral agreement, if the agreement be accompanied by actual possession to the agreed line or is otherwise executed; or (2) by acquiescence for seven years, by acts or declarations of owners of adjoining land, as provided by the Code, § 85-1602. *Gornto* v. *Wilson,* 141 *Ga.* 597 (2) (81 S. E. 860); *Hart* v. *Carter,* 150 *Ga.* 289 (103 S. E. 457); *Barfield* v. *Birrick,* 151 *Ga.* 618 (2) (108 S. E. 43); *Farr* v. *Woolfolk,* 118 *Ga.* 277 (2) (45 S. E. 230); *Osteen* v. *Wynn,* 131 *Ga.* 209 (3, 4) (62 S. E. 37, 127 Am. St. R. 212); *Brown* v. *Hester,* supra.

(*a*) While a line established by either of these methods is binding upon the coterminous proprietors and their grantees (*Booker* v. *Booker,* 36 *Ga. App.* 738, 138 S. E. 251; *Yarborough* v. *Stuckey,* 39 *Ga. App.* 265 (3), 147 S. E. 160), yet under the first method there must be an actual agreement between *coterminous proprietors* (*Durrence* v. *Groover,* 160 *Ga.* 680 (8), 129 S. E. 29; *Sapp* v. *Odom,* 165 *Ga.* 437 (5), 141 S. E. 201; *Tietjen* v. *Dobson,* 170 *Ga.* 123 (4), 152 S. E. 222, 69 A. L. R. 1408), and under the second method there must be acquiescence by the acts or declarations of *both* the "adjoining landowners." *Ivey* v. *Cowart,* 124 *Ga.* 159 (4) (52 S. E. 436, 110 Am. St. R. 160); *Cassels* v. *Mays,* 147 *Ga.* 224 (92 S. E. 199); *O'Neal* v. *Ward,* 148 *Ga.* 62 (95 S. E. 709); *Faucett* v. *Rogers,* 152 *Ga.* 168 (5) (108 S. E. 798); *Sapp* v. *Odom,* supra; *Southern Timber Co.* v. *Bland,* 32 *Ga. App.* 658 (2) (124 S. E. 359, 69 A. L. R. 1506).

(*b*) The acts or declarations of the plaintiff so far as shown to have occurred before 1937, being the year in which the plaintiff purchased his lot, did not tend to establish a dividing line by the second method, that is, by acquiescence for seven years, since the plaintiff at the time of such acts or declarations was not an adjoining landowner, and according to the evidence the defendant knew that he was not and did not deal or treat with him as such. There being no evidence of such acquiescence by any predecessor of the plaintiff, the evidence was insufficient to establish a line by that method. *Hix* v. *Gulley,* 124 *Ga.* 547 (2) (52 S. E. 890).

(*c*) But as to the first method there was some evidence that the boundary line was uncertain and unascertained, and that after the plaintiff's purchase in 1937 he and the defendant entered into a parol agreement establishing the line at the location now claimed by the defendant, and that the plaintiff, in pursuance of this agreement, constructed a fence near the agreed line for more than half its length, and then connected this fence with a fence claimed by the defendant. Under this evidence the jury would have been authorized to find that the dividing line was

established, as claimed by the defendant, by an executed parol agreement, and for this reason the court erred in directing a verdict in favor of the plaintiff and in thereafter refusing a new trial. *Clark* v. *Hulsey*, 54 *Ga.* 608 (5) ; *Hart* v. *Carter*, 150 *Ga.* 289 (2) (103 S. E. 457) ; *Henderson* v. *Walker*, 157 *Ga.* 856 (122 S. E. 613) ; *Tietjen* v. *Dobson*, supra.

5. The map or drawing offered by the defendant solely for the purpose of illustrating his testimony was apparently admissible for this purpose, but since the judgment must be reversed for error in directing a verdict, no decision is necessary as to whether the exclusion of this map would have constituted reversible error. See *Brantly* v. *Huff*, 62 *Ga.* 532; *Bower* v. *Cohen*, 126 *Ga.* 35 (4), 40 (54 S. E. 918) ; *Georgia Railroad &c. Co.* v. *Atlanta*, 134 *Ga.* 871 (2) (68 S. E. 703) ; *Napier* v. *Little*, 137 *Ga.* 242 (3) (73 S. E. 3, 38 L. R. A. (N. S.) 91, Ann. Cas. 1913A, 1013) ; *Hill* v. *Snellings*, 41 *Ga. App.* 585 (2) (154 S. E. 156).

*Judgment reversed. All the Justices concur.*

No. 13012. FEBRUARY 17, 1940.

*W. B. Robinson* and *W. E. & W. G. Mann*, for plaintiff in error. *J. R. Whitaker* and *H. H. Anderson*, contra.