19321.   AYERS *v.* CARDEN *et al.*

Argued May 14, 1956—Decided July 12, 1956.

*E. B. Jones, Jr.*, for plaintiff in error.

*Murphy & Murphy, Thos. B. Murphy, James R. Murphy*, contra.

ALMAND, Justice. Harold C. Ayers, in an equitable petition filed against Lamar Cook and W. Horace Carden, sought to reform a deed to real estate executed by the defendant Cook, on the grounds of mutual mistake and fraud upon the part of Cook in pointing out to the plaintiff, before the deed was executed, the eastern boundary line as being located at a certain point, and the deed as delivered not embracing a strip of land fronting 25 feet in width on a named street, which the plaintiff claimed he had purchased from Cook. The plaintiff also sought to enjoin the defendant Carden from trespassing on this strip by placing improvements thereon. On the trial of the case before a court and jury, the court entered a nonsuit as to Cook, and directed a verdict and entered a judgment in favor of Carden. By a direct bill of exceptions, the plaintiff assigns error on both judgments.

Construing the evidence most favorably to the plaintiff, it shows in summary: On September 20, 1954, Cook owned two tracts of land fronting 183 feet on the south side of Atlanta Street in the City of Bremen. On that date, the plaintiff contracted to buy the lot on which there was a residence, and Cook pointed out to him the northeast corner of the lot as being at a point on Atlanta Street where there was a telephone pole. The lot was not measured or surveyed at that time. Relying on Cook's word that the northeast corner of the lot was the telephone pole, the plaintiff purchased the lot from Cook and went into possession of the property on September 20, 1954. At the time the deed was executed to the plaintiff on November 27, 1954, it does not appear that any representation was made by Cook to the plaintiff as to the location of the northeast corner, but the deed actually executed on that day to the plaintiff contains a description which shows that the lot and house which he purchased had a frontage of 80 feet on Atlanta Street, which made the northeast corner of the lot 25 feet west of the telephone pole. Not until the following April did the plaintiff read his deed, at which time he discovered that his lot had a frontage of 80 feet rather than 105 feet. The plaintiff got the property described in the deed. After going into possession of the house and lot on September 20, 1954, he planted grass and one shrub on the strip of land up to the telephone pole, which strip was not

included in the deed, but it does not appear that this grass or shrub was planted prior to the time the defendant Carden received his deed on October 13, 1954, in which deed Cook conveyed by warranty deed a parcel of land lying east of the property conveyed to the plaintiff, which lot so conveyed fronted 103 feet on the south side of Atlanta Street. There was no evidence that at the time Carden received his deed he had any notice that the plaintiff was claiming that the northeast corner of his lot went to the telephone pole, which strip was covered in the deed from Cook to Carden. In April, 1955, the defendant Carden, in the presence of the plaintiff, measured off the boundary of his lot and placed a stake at a point which disclosed that the northeast corner of the plaintiff's lot was 25 feet west of the telephone pole, and the plaintiff was then informed by Carden that he was planning to place a small house on this lot and improve the remainder thereof. At that time the plaintiff made no contention of any claim to this 25 foot strip, and not until after Carden had practically finished his building and placed black top or pavement over that portion of the land which the plaintiff claimed he had purchased from Cook did the plaintiff inform Carden that he claimed the northeast corner of his lot went to the telephone pole.

Under the evidence, we are of the opinion that the trial court correctly disposed of the case as he did, under two well-recognized rules of equity. First, a bona fide purchaser without notice of an equity will not be interfered with by equity (Code § 37-111); and second, equity will not grant reformation where the rights of bona fide purchasers for value and without notice would be interfered with (Code § 37-213). It clearly appears from the evidence that, at the time Carden received his deed from Cook, he did not have any notice of the plaintiff's claim to the strip of land which is embraced in the deed from Cook to Carden. Even if the planting of grass and the placing of one shrub thereon should be said to have put Carden on notice of the plaintiff's possession of the strip, it does not appear from the evidence that these acts had taken place between September 20, 1954, the time when the plaintiff took possession of the property under the contract to purchase the same, and October 13, 1954, when Carden received his deed from Cook. Further, it appears that the plain-

tiff, though his deed was executed on November 27, 1954, did not read the description therein until the following April; and at the time the defendant Carden measured off the west boundary line of his lot, the northwest corner being 25 feet west of the telephone pole, the plaintiff made no contention that he owned this 25-foot strip. The defendant Carden has made improvements on the property described in his deed from Cook. Carden being a bona fide purchaser without notice of the plaintiff's claim, equity will not interfere either by reforming the plaintiff's deed or by enjoining Carden's use of the property covered by his deed. See *Wall* v. *Arrington*, 13 *Ga.* 88; *Kilpatrick* v. *Strozier*, 67 *Ga.* 247.

The orders of nonsuit as to Cook and direction of a verdict for Carden were not erroneous.

*Judgment affirmed. All the Justices concur.*