## Bones *vs.* Printup Bros. & Co.

1. In a claim case, if the claimant contends that he had possession of the property at the date of the levy, and that point is in issue, the plaintiff in *fi. fa.* is entitled to open and conclude.
2. Construing the entire charge together, the court committed no error which would necessitate a new trial.
3. The verdict is not contrary to evidence.

Claim. Practice in the Superior Court. Charge of Court. Verdict. Before Judge UNDERWOOD. Floyd Superior Court. September Adjourned Term, 1879.

Printup Brothers & Co. sued out an attachment against James W. Bones, a member of the firm of J. & S. Bones & Co., on the ground that he was about to remove without the limits of the county. The attachment was levied on certain property, which was claimed by Mrs. Maria Bones. On the trial the evidence for plaintiffs tended to support the ground of attachment, and to show that defendant in *fi. fa.* pointed out the property. The evidence for claimant tended to show the following facts : Mrs. Bones is a widow. Her husband died in 1841, leaving three children,

viz: James W., John Samuel and Thomas McGran Bones. Thomas M. Bones died in 1876 intestate, unmarried and without issue. His mother and two brothers, James W. and John S., survived him, and were his only heirs. He wanted his mother to have his property, and to carry out this expressed desire, a deed was executed by James and John as follows :

" Whereas, Thomas M. Bones died intestate, unmarried and without issue, but desired that his mother, Maria Bones, should possess and en-joy his property, we, James W. Bones and John S. Bones, his brothers, in consideration of the premises and the sum of one dollar, the receipt of which is hereby acknowledged, do assign, transfer and deliver unto our mother, the said Maria Bones, all our right, title and interest in the property of every kind, debts, credits and effects, belonging to the said Thomas M. Bones at the time of his death, including his share, in common with us, of the residue of the estate of our deceased uncle, John Bones."

Among the property so conveyed was a large indebtedness by Bones, Brown & Co. Some time afterwards James W. Bones made the following conveyance to Mrs. Maria Bones.:

" GEORGIA— Floyd County.

" Whereas Bones, Brown & Co., of Augusta, Ga., of which firm I am a member, is indebted to Mrs. Maria Bones in the sum of about sixteen thousand dollars, as will fully appear from the books of said firm, and whereas said firm has failed and made an assignment of its property, whereby some of its creditors are secured, and the said Maria Bones left unsecured and unpaid. Know all men by these presents that I, James W. Bones, of said county and state, in payment of twelve hundred dollars of the foregoing sum to said Maria Bones, so due as aforesaid, have granted, bargained, sold and conveyed, and do by these presents grant, bargain, sell and convey to said Maria Bones, her heirs and assigns, the following property, to-wit:" (describing property claimed.)

Claimant also introduced evidence to contradict the ground of attachment.

Plaintiffs, in rebuttal, insisted, and it was admitted by claimant's counsel, that J. S. Bones and Bones, Brown & Co. were insolvent at the time plaintiffs' notes in suit were dishonored, and were so in February, 1878.

The jury found the property subject. Claimant moved for a new trial on the following, among other grounds :

(1). After the conclusion of the evidence, claimant's counsel submitted to the court the question as to who was entitled to the concluding argument, and claimed that right. The court inquired of J. Branham, claimant's attorney, who he claimed to be in possession at the time of the levy. He replied, the claimant. Whereupon the court held that the plaintiff's counsel was entitled to the concluding argument.

(2). Because the court charged as follows :

(*a*). " The plaintiffs also contend that the contract was secret and unknown. You are to judge from the evidence how it was, whether it was an open fair sale or a secret sale, you will find that according to the evidence. If the evidence shows that it was a sale entirely in the circle of the parties in the contract the law calls that a secret transaction."

(*b*). " The plaintiffs contend that the property ought to be subject for another reason ; that the sale is void because at the time Mr. Bones was insolvent, and that it was made for the benefit of a creditor of his and that a benefit was reserved for him, and that it was a mere pretended sale—you are to judge of that. If it was made at the time he was insolvent, and for the benefit of a creditor of his or of the firm of which he was a member, and a benefit was reserved for himself or a person for him, then it would be void."

(*c*). " The plaintiffs allege that the consideration was no consideration ; that the debt and account upon which it was paid was transferred in March, 1878, to Maria Bones. That is the plaintiffs' allegation. The claimant says the transfer was made in 1876, when Bones was solvent, and that it was a *bona fide* transaction, and therefore there was a valuable consideration. You are to find what the proof shows in relation to that."

(*d*). " If it (the proof) shows that the deed was made not for a valuable consideration, when Bones was insolvent, it would be null and void."

(*e*). " An assignment made by an insolvent debtor of all his property for the benefit of a part of his creditors is not allowed by the laws of this state."

(3). Because the verdict was contrary to law and evidence.

The motion was overruled, and claimant excepted. For the other facts see the decision.

J. BRANHAM ; C. D. FORSYTH, for plaintiff in error.

DABNEY & FOUCHE ; D. S. PRINTUP, for defendants.

JACKSON, Justice.

Printup Brothers & Co. levied an attachment on a lot of furniture as the property of J. W. Bones, copartner of J. S. Bones & Co., it was claimed by Mrs. Maria Bones, the mother of defendant in execution, was found subject, the claimant moved for a new trial, it was refused, and she excepted.

There are three views in which the claimant insists that a new trial should be awarded her : First, because the court gave the plaintiffs the right to conclude the argument; secondly, because of errors in the charge, and thirdly, because the verdict is against the law and the evidence.

1. The claimant's counsel was asked by the court, at the close of. the testimony, whether he claimed that the claimant was in possession at the date of the levy, in reply to a demand he made for the conclusion ? to which he replied that he did claim that she was in possession ; thereupon the court gave the plaintiffs the right to open and conclude. Under the facts the court did not err. The plaintiffs took the burden in the outset of the case and carried it all through the trial. They carried the *onus* of showing possession and title in the defendant in attachment, and after having done so, it was too late for claimant, even if the possession in defendant in execution had not been contested, to insist on the right to conclude. But he did contest the possession.

He replied that it was in the claimant, and it would seem clear that putting thus the same *onus* of showing title in the defendant on the plaintiff in the argument which he had permitted him to carry in the introduction of testimony, he deprived himself of all right to conclude the argument.

2. Construing the portions of the charge excepted to in the light of the entire charge, we see no error which could hurt the claimant. The only exception which struck us as forcible is that which makes the judge say that "an assignment made by an insolvent debtor of all his property for the benefit of part of his creditors is not allowed by the laws of this state;" but in referring to the entire charge, which is sent up in the record, we find that the judge adds these words, "but a party in debt may *sell* a part of his property to pay one of his creditors." So that the exception is to part of a sentence, and we append above the balance, and so completing the sentence, as we understand it, it is the law. The judge did not mean that an insolvent could not *sell all bona fide* to pay one creditor, for in a few sentences following he adds: "He can make a sale of his property to a creditor; he can divest himself of every article he owns, and no other creditor has a cause of complaint if it was for a valuable consideration and in good faith." This is the substance of 1952nd and 1953rd sections of the Code, and the court did not err in reading them and so construing them; and the jury, we think, must have understood him. In this case there was no question of *assignment* for the benefit of a part of the creditors; but it was a question of *sale* to one creditor, and was that *sale bona fide* and for value? We think that the testimony authorized the charge in respect to the dispute about the date of the transaction between mother and son and mother and sons, and other charges criticized for like reasons; and considering the charge as a whole, and reading each sentence in the light of the context, we see no material error therein. What are badges of fraud, and how they may be explained, is fully and fairly set out in the charge.

3. The question was one of intent—fraud or no fraud—a question peculiarly the province of the jury to decide; and as that tribunal has decided it, and the judge who tried it has approved the finding, we do not feel authorized to set aside the verdict. There is evidence to sustain the verdict, and therefore it is not contrary to law.

The judgment is therefore affirmed.