## SPENCE *v.* MORROW *et al.*

1. An assignment of error, that the court "omitted any instruction as to the legal nature of fraud and its indicia and circumstances," is too general to apprise the reviewing court of the nature and character of the particular legal principle which the exceptor complains was omitted from the charge.

2. An exception to an excerpt from a charge because of incompleteness of statement of a particular legal proposition is not good when the incompleteness is supplied in appropriate context by the general charge.

3. A ground of a motion for a new trial, which assigns error upon the exclusion of certain gin books, without disclosing so much of their contents as to enable the reviewing court to determine the relevancy and competency of the rejected evidence, can not be considered.

4. Where the issue in a claim case is the bona fides of a sale by an insolvent debtor, it is not error, of which the execution creditor can complain, to charge: "On the other hand, if you should conclude from the evidence in this case that this was not a voluntary conveyance, but was a conveyance for a valuable consideration, a money consideration, and you should further conclude from the evidence in this case that this sale was not made for the purpose of defrauding, delaying, or hindering the creditors of the grantor; or, if you should conclude it was made with that intention, but that intention was not known at the time the deed was taken to the grantee (the claimants in this case), and could not have been known by the exercise of ordinary and reasonable care and diligence, you should find in favor of the claimants."

5. The other assignments of error are without merit. The evidence was conflicting, and the court fairly submitted the issues under appropriate instructions. Under such circumstances, a verdict supported by the evidence and approved by the trial judge will not be vacated.

Submitted April 24,—Decided July 13, 1907.

Claim. Before Judge Lewis. Morgan superior court. May 21, 1906.

*E. W. Butler,* for plaintiff.

*Williford & Middlebrooks* and *T. L. Reese,* for defendants.

EVANS, J. An execution in favor of I. N. B. Spence against A. Q. Cheney was levied upon a tract of land, and a claim was interposed by Mrs. L. J. Morrow and Mrs. Fannie A. Sigman. The claimants were daughters of the defendant in fi. fa., and claimed to have purchased the land prior to the judgment, for a valuable consideration. The plaintiff in fi. fa. contended that the transaction between the claimants and the defendant in fi. fa. was collusive and fraudulent. The contentions of each of the parties found support in the evidence, but the jury decided the issue with the claimants. The plaintiff in execution moved for a new trial, which was denied, and he excepted.

1. An assignment of error is too general where the complaint is that the court "omitted any instruction as to the legal nature of fraud, and its indicia and circumstances," or "to charge the jury the doctrine of close scrutiny of the transaction—it appearing that the subject under review and at issue being an alleged deed from a parent to his children (all of them) and by which the parent rendered himself insolvent." *Smith* v. *State,* 125 *Ga.* 300. The court is not informed, by these references of loose generalizations, as to the precise nature of the legal principles on these subjects which the complaining litigant deemed pertinent to his case. A reviewing court on such a general assignment can not with any degree of accuracy divine the particular principle which the plaintiff in error might have had in mind when the grounds of error were framed. It is a maxim of the law that there should be an end of litigation, and a verdict approved by the trial court should stand when supported by evidence, where no substantial error of law has been committed. The burden is on the losing party to show error, and this can only be done by a specific assignment, wherein it is made to appear that some error of law has been committed, or that the verdict is without evidence to support it.

2. Complaint is made that the court erred in charging the jury that "Every sale made with intention to defraud the creditors of the vendor, if such intention is known to the vendee (the claimants

in this case), is absolutely void as against such creditors." The exception does not complain of the charge as far as it goes; but it is contended that it is erroneous, because the court should have added, "if such intention is known to the vendee," or "could have been known by the vendee," and "the vendee was without notice or ground for reasonable suspicion." When considered in connection with the entire charge, the criticism of this excerpt loses its force. The court fully covered the law respecting a transfer of property by an insolvent debtor, in the general charge.

3. Another exception is that the court erred in excluding the gin books of a certain firm, offered for the purpose of impeaching one of the claimants' witnesses, and to show the quantity of cotton ginned from the place occupied by the claimant and her husband "during the years under investigation." Neither the contents of the book nor any particular entries were disclosed in this ground of the motion. If a party to a case desires to except to the exclusion of evidence, it is incumbent upon him to set out in substance the evidence, that the court may judge of its competency and relevancy. Unless this is done, the ruling complained of can not be considered. *Lamar Drug Co.* v. *Lamar*, 123 *Ga.* 667; *Yates* v. *State*, 127 *Ga.* 813.

4. The court charged the following: "On the other hand, if you should conclude from the evidence in this case that this was not a voluntary conveyance, but was a conveyance for a valuable consideration, a money consideration, and you should further conclude from the evidence in this case that this sale was not made for the purpose of defrauding, delaying or hindering the creditors of the grantor; or, if you should conclude it was made with that intention, but that intention was not known at the time the deed was taken to the grantees (the claimants in this case) and could not have been known by the exercise of ordinary and reasonable care and diligence, you should find in favor of the claimants." This charge is alleged to be error in that it directed the jury to find for the plaintiff unless the claimant had positive knowledge of the intention of the grantor to hinder, delay, or defraud his creditors, or could have acquired such knowledge by the exercise of ordinary and reasonable care and diligence; that the court should have charged that the sale to the claimants must have been without notice or ground for reasonable suspicion. The code declares that

every conveyance of property by a debtor, had or made with the intention to delay or defraud creditors, where such intention is known to the party taking, is fraudulent. But a bona fide transaction, on a valuable consideration, and without notice or ground for reasonable suspicion, shall be valid. Civil Code, §2695, par. 2. We think the charge as given imposed a greater burden upon the claimants than that required by the code. This charge was in effect an instruction that the transaction would be deemed fraudulent if the claimants could by the exercise of ordinary and reasonable care and diligence have known of the debtor's intention to defraud his creditors. The law contemplates that the purchaser shall be affected by such facts known to him as would give notice or ground for reasonable suspicion of the debtor's fraudulent intent. He is not necessarily required to exercise diligence in every case to discover the debtor's intent. The law charges him with the consequences of his knowledge of circumstances which afford ground for reasonable suspicion of the debtor's fraudulent intent, and not so much the duty of exercising reasonable diligence to discover such circumstances which may be unknown to him. Besides, those circumstances which would put a man of ordinary prudence in the exercise of reasonable diligence to ascertain the fraudulent intent of the debtor in the disposition of his property would at least afford a reasonable suspicion of the debtor's fraudulent intent. If there was any error in the charge, it was committed against the claimants, and furnishes no ground for complaint to the plaintiff in fi. fa.

5. The amended motion for new trial contains various other grounds. One complains that the court unduly emphasized the contentions of the claimants; another that the charge as a whole did not fairly and comprehensively present the legal principles controlling the issues in the case; others complain that the verdict is contrary to specific charges of the court. We do not think that any of these assignments of error are meritorious. The charge fully presented the law applicable to the case made by the evidence, and the verdict is supported by the evidence. It has the approval of the presiding judge; and as no substantial error of law was committed, his discretion in refusing a new trial will not be interfered with.

*Judgment affirmed. All the Justices concur.*