## PAULK *v.* SPEER.

1. Where in the trial of an action to recover land and mesne profits the judge directed the return of a verdict for the plaintiff, and submitted to the jury, under the evidence, the question as to the amount of mesne profits to be recovered, it was not error (no complaint being made as to the court's directing a verdict in favor of the plaintiff) to have the jury, upon their returning into court a verdict finding a certain sum of money in favor of the plaintiff, amend their verdict by the addition of proper words showing that the verdict was for the recovery of the land and rent, or mesne profits.

2. An assignment of error in a motion for new trial, complaining that the court failed and omitted to properly and legally instruct the jury as to "the rules of law governing their deliberations" in determining the

question of rent and the amount of rent, or mesne profits, is too vague and indefinite to raise a question for determination by the reviewing court, it not appearing from the ground of the motion containing this exception what instructions were actually given upon the subject nor what "rules of law" should have been given.

3. While there was no specific prayer for the recovery of mesne profits, it does appear from the prayer that the plaintiff was seeking to recover his rents; and all of the evidence except the documentary evidence related to the question of mesne profits, and the evidence of the rental value of the land was admitted without objection. It was, therefore, proper for the court to submit to the jury the question of mesne profits, and for the jury to make a verdict upon that question.

4. The evidence authorized the verdict for the rent found as mesne profits.

JUNE 30, 1915.

Complaint for land. Before Judge Graham. Appling superior court. December 24, 1913.

*W. W. Bennett,* for plaintiff in error.

BECK, J. The plaintiff brought an equitable action against the defendant, to recover certain land, for a receivership, and for other relief. Upon the trial of the case the court directed a verdict in favor of the plaintiff, instructing the jury to return a verdict finding that the plaintiff should recover the land sued for, and submitting to them the question of the amount of mesne profits. The defendant made a motion for a new trial, which was overruled, and he excepted.

1. The plaintiff in error does not complain of the court's instructions directing the jury to return a verdict in favor of the plaintiff as to the land sued for; but error is assigned upon the action of the court in adding to the verdict certain words which were not in the verdict when it was returned into court by the jury. The verdict as returned by the jury was in the following words: "We, the jury, find for the plaintiff $300; and against the defendant, Thomas Paulk. So say we all." This verdict was signed by the foreman of the jury. When the verdict was published, and before the jury dispersed, the presiding judge propounded to the jury the following question: "Gentlemen, I suppose that you all intended finding a verdict in favor of the plaintiff for the premises in dispute?" And a member of the jury responded orally in the affirmative. Thereupon the presiding judge, without having the jury retire, took his pen and wrote into the verdict the following words: "the premises in dispute, and also find for plaintiff the rent." The judge then read over to the jury the verdict as amended

by the insertion of these words, inquiring whether the verdict as amended expressed their finding; and the jury responded in the affirmative. Clearly there was no error in adding the words quoted above to the verdict. As stated the judge had directed the jury to find that the plaintiff should recover the land in controversy, and no complaint is made of this direction. The court had also instructed them upon the issue as to mesne profits. When the jury returned the verdict in favor of the plaintiff in the sum of $300 under these instructions, they meant, as a matter of course, that they found the premises and the sum stated as mesne profits for the plaintiff; and the court, more properly to make the record complete, added the words. It might have been more formally correct to have directed the jury to write the words in the verdict; but what difference can it make that, instead of directing a member of the jury to write these words in, the judge himself wrote them and the jury assented to it?

2-4. The rulings made in headnotes two to four require no elaboration.　　　*Judgment affirmed. All the Justices concur.*