### LAMB, receiver, *v.* ROBINSON.

ATKINSON, J. 1. Where a municipal ordinance provides that "the rail-roads entering this city have permission to place one track each along and through" a named street of the city, subject to specified conditions, among which are, (*a*) "the cross-ties must be flush with the street;" (*b*) "the railroad companies shall bring the street to such grade as may be established by council at any time;" (*c*) "the crossings shall be kept up at all street intersections," and subsequently, in addition to the existing tracks in the street, the tracks of another company are located and maintained along the street, the last company and its successors so occupying the street will be bound to observe the requirements set forth in the ordinance, and the failure so to do will constitute negligence per se.

2. In an action by a pedestrian for an injury alleged to have been sustained by tripping over the rail of the defendant in the street, which was not maintained according to the requirements of the ordinance, the ordinance is admissible in evidence.

3. In an action of the character just mentioned, where the injury was alleged to have occurred where the street mentioned in the ordinance intersected with another street in the city, and there was evidence tending to show that the injury was caused by the failure of the defendant to maintain the track in accordance with the ordinance, it does not require a reversal, under the facts of this case, that the court charged

the jury as follows: "If you find that the defendant did not keep' up a street-crossing which its railroad may have crossed in accordance with the terms of the ordinance as required by this section of the ordinance which you will have out with you, then the court charges you that would, as a matter of law, be negligence, although it might or might not, as you may find, be the cause of the injury."

4. The evidence was sufficient to support the verdict, and none of the assignments of error were sufficient to require the grant of a new trial.

*Judgment affirmed. All the Justices concur, except Beck, J., absent.*

NOVEMBER 13, 1915.

Action for damages. Before Judge Conyers. Glynn superior court. September 5, 1914.

*Bolling Whitfield,* for plaintiff in error.

*D. W. Krauss* and *Frank H. Harris,* contra.