*C. T. Guyton,* for plaintiff in error. *R. W. Sheppard,* contra.

---

### 13769. MONROE *v.* WARTEN COTTON COMPANY.

Without an allegation that the request to charge was pertinent and applicable to the facts of the case, a ground of a motion for a new trial based on refusal of the request is not in proper form for consideration. The exceptions to the charge of the court show no reason for a reversal.
DECIDED JANUARY 10, 1923.

Action on contract; from Fulton superior court — Judge George L. Bell. May 20, 1922.

*Dorsey, Brewster, Howell & Heyman, Walter S. Dillon,* for plaintiff in error.

*Alston, Alston, Foster & Moise,* contra.

BLOODWORTH, J. 1. The 4th ground of the original motion for a new trial complains of the refusal of the court to give certain requested instructions to the jury. In *Killabrew* v. *State,* 26 *Ga. App.* 232 (2) (105 S. E. 711), it was held that "The ground of the motion for a new trial in regard to the refusal of a request to charge was not in proper form for consideration, it not being alleged that the requested charge was pertinent and applicable to the facts of the case." To the same effect is *Caswell* v. *State,* 27 *Ga. App.* 77 (7) (107 S. E. 560). This ground of the motion does not allege that the request to charge was pertinent and applicable to the facts of the case, and, under the ruling in the foregoing cases, it is too indefinite to be considered.

2. The 1st special ground of the motion for a new trial, when considered in connection with the note of the trial judge in approving it, does not require the grant of a new trial.

3. The other grounds of the motion for a new trial complain of errors in excerpts from the charge. When these parts of the charge are read in connection with the entire charge and in the light of all the evidence, they show no reason why the judgment of the lower court should be reversed.

4. The evidence supports the verdict, which is approved by the judge who tried the case, and, as no error of law was committed, the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*