### 16203. HANCOCK *v.* GREEN MILLER COMPANY.

STEPHENS, J. 1. On the trial of a claim case the claimant is not entitled to the opening and conclusion in argument, where he contends that at the time of the levy the property levied upon was in his possession, and where the evidence makes an issue as to this. *Bones* v. *Printup,* 64 *Ga.* 753; *Smith* v. *Wellborn,* 75 *Ga.* 799 (6); *Smith* v. *Rothschild,* 13 *Ga. App.* 293 (5) (79 S. E. 88). The trial court did not err in denying to the claimant the right to open and conclude the argument.

2. A charge in a claim case that, upon the introduction in evidence by

---

Executions, 23 C. J. p. 597, n. 29; p. 603, n. 54, 57; p. 605, n. 78, 80.

the plaintiff in execution of the execution and levy showing possession of the property levied upon in the defendant in execution at the time of the levy, a prima facie case for the plaintiff in execution is made, is not error. *Doyle* v. *Donovan*, 76 *Ga.* 44.

3. Where a claim of title is filed to property levied upon, an issue of fraud in the acquirement of title by the claimant may be inquired into without being specially pleaded. See, in this connection, Civil Code (1910), § 5651; *Tifton Ry. Co.* v. *Butler*, 4 *Ga. App.* 191, 195 (60 S. E. 1087); *Smith* v. *Hodges*, 8 *Ga. App.* 785 (2) (70 S. E. 195).

4. Where it appears from the evidence that when the claimant acquired title to the property levied upon, which consisted of live stock and personal property used on a farm, by purchasing it from the defendant in execution, the claimant knew that the defendant was in debt and was "broke" and "could not pay his debts," and that the claimant was at the time endeavoring to find some one to take charge of the business of the defendant in execution and to make arrangement with the latter's creditors or some one by which the "place" of the defendant in execution could be "run," and where it appears from the evidence that when the claimant bought the property the suit in which the execution issued was pending, in which suit the claimant was attorney for the defendant in execution, and that the sale was made within a month prior to the rendition of the judgment on which the execution issued, and where it appears from the evidence that the property levied on, after it was bought by the claimant, was allowed to remain upon the place, and that at the time of the levy the property was in the defendant's possession, the evidence was sufficient to present an issue of fact for a jury as to whether the sale was one made in fraud of the defendant's creditors. This is true irrespective of any actual good intention to assist the defendant on the part of the claimant. The court did not err in presenting the issue of fraud in the charge to the jury.

5. Where it appears from the evidence that when the claimant bought the property levied upon he was attorney for the defendant in execution in the suit then pending in which the present execution afterwards issued, the inference is authorized that the claimant was at the time the attorney for the defendant in execution. The charge of the court, to the effect that if this relationship existed it could be considered by the jury, was adjusted to the evidence and was not error for the reason assigned.

6. No error of law appears, and the evidence authorized the verdict in favor of the plaintiff in execution, finding the property subject.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1926.

Levy and claim; from city court of Houston county—Judge Riley. December 29, 1924.

*J. M. Hancock*, for plaintiff in error.

*Houser & Mathews*, contra.