*M. B. Eubanks*, for defendant.

---

### BENNETT, superintendent of banks, *v.* BROWN.

1. A ground of a motion for new trial, assigning error on the trial judge's definition, in charging the jury, of a word as used in a legislative act, but not showing the connection in which the word was used, or what act the judge was construing, *held* too incomplete to present a question for consideration.
2. Other grounds of the motion, *held* abandoned.

No. 5576.  APRIL 12, 1927.

Equitable petition. Before Judge Pomeroy. Fulton superior court. July 14, 1926.

*C. N. Davie* and *J. F. Kemp*, for plaintiff in error.

*Strozier & Deaver*, contra.

GILBERT, J.  On July 16, 1924, John L. Brown was a creditor of the Exchange Bank of Fort Valley, by reason of a deposit in his name and also of a deposit made by him in the name of his wife. On said date he obtained from his sister, a clerk in said bank, a check on said bank for the amount of a deposit standing in her name, which check was presented to the bank and the amount thereof credited to John L. Brown. On said date, while the bank was still open and doing business in the usual way, Brown caused the deposit made by him in the name of his wife to be transferred and credited by the bank to him. On said date he was indebted to the bank, as evidenced by his promissory note payable to the bank. He was also liable to the bank as indorser on notes of his brother, the cashier in said bank. On said date Brown drew a check on the bank for an amount to be credited on his brother's indebtedness, which the bank accepted and so credited. On July 17, 1924, the bank was taken over by the State superin-

---

Appeal and Error, 3 C. J. p. 967, n. 40, 42; 4 C. J. p. 1068, n. 16, 22.

tendent of banks, because of insolvency. Thereafter Brown filed an equitable proceeding against the superintendent and the bank, alleging the foregoing as well as other facts, and prayed that the amount of the consolidated deposit standing on the books of the bank to his credit be set off against his indebtedness and liability to the bank. The defendant answered, setting up that Brown was not entitled to the set-off, because the acts aforesaid constituted a fraud with intent to obtain a preference over other creditors, forbidden by the banking laws (Ga. Laws 1919, p. 135, article 19, § 46). Pursuant to trial a verdict was returned for Brown. A motion for new trial was made by the superintendent, but was overruled, and he excepted.

1. One ground of the motion is as follows: "Because upon the trial of said case the court charged the jury impaneled to try said case as follows: 'The word "view," as is used in this act, means an intent or purpose, which intent and purpose must have existed on the part of both Mr. Brown and the bank.' Which charge movant insists was error, because the word "view" does not necessarily mean an intent or purpose on the part of both the creditor and the bank; but may be an intent or purpose on the part of either the creditor or the bank, or on the part of both." "Grounds of a motion for a new trial should be complete in themselves." The ground above set out fails to present any question for consideration. It neither shows the connection in which the word "view" was used, nor does it show what "act" the court was construing. This court will not have recourse to other parts of the record or the brief of the plaintiff in error in order to pass upon an assignment of error. *Bowen* v. *Smith-Hall &c. Co.,* 146 *Ga.* 157 (4) (91 S. E. 32).

2. All other grounds of the motion for new trial will be treated as abandoned, since none of them are mentioned in the brief of counsel for plaintiff in error. In fact, the brief indicates the purpose to rely solely upon the above-stated ground.

*Judgment affirmed. All the Justices concur.*