18007.   KELLY *v.* CATES.

LUKE, J.   1. "Where a claim of title is filed to property levied upon, an issue of fraud in the acquirement of title by the claimant may be inquired into without being specially pleaded." *Hancock* v. *Green Miller Co.,* 35 *Ga. App.* 81 (3) (132 S. E. 136).

2. "On the trial of a claim case where the issue is the bona fides of the transfer of property by the defendant in execution to the claimant, and there are circumstances which if not satisfactorily explained may be regarded as badges of fraud, it is for the jury and not the judge to pass upon such issues." *Greene* v. *Matthews,* 31 *Ga. App.* 265 (6) (120 S. E. 434); *Kelley* v. *Stovall,* 138 *Ga.* 186 (75 S. E. 6); *Atwood* v. *Edenfield,* 150 *Ga.* 198 (103 S. E. 170).

3. It appearing from the testimony of the defendant in execution that the mules claimed were in his possession and control for more than a year between the judgment and the levy, the burden of proof rested upon the claimant. *Martin* v. *Cowan,* 134 *Ga.* 477 (68 S. E. 69); *Deloach* v. *Myrick,* 6 *Ga.* 410 (3).

4. Since this case will probably be tried again, we shall make no comment upon the evidence except to say that a painstaking perusal of the record convinces us that the evidence did not demand a verdict for the claimant, and that the court erred in directing a verdict for him.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MAY 11, 1927.

Claim; from city court of Waynesboro—Judge Davis. January 25, 1927.

*G. C. Anderson,* for plaintiff in error.

*Lewis, Lewis & Ellis,* contra.

---

Executions, 23 C. J. p. 597, n. 27, 39; p. 598, n. 44, 45; p. 602, n. 30; p. 603, n. 57; p. 604, n. 66.