19023. YARBROUGH *v.* STUCKEY *et al.*

BELL, J. 1. Acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line. Civil Code (1910), § 3821. A line may be so established irrespective of whether its true location was theretofore actually unascertained or disputed. "Acquiescence for the period required by the statute would be conclusive evidence of a previous agreement, though there may in fact have been,

none." *Farr* v. *Woolfolk*, 118 *Ga.* 277 (45 S. E. 230); *Christian* v. *Weaver*, 79 *Ga.* 406 (2) (7 S. E. 261); *Henderson* v. *Walker*, 157 *Ga.* 856 (2) (122 S. E. 613); *Thompson* v. *Simmons*, 143 *Ga.* 95 (84 S. E. 370); *Sapp* v. *Odom*, 165 *Ga.* 437 (6) (141 S. E. 201).

(*a*) The decision in the case of *Farr* v. *Woolfolk*, supra, having been repeatedly followed, and having never been questioned or criticised, the decisions in the later cases of *Osteen* v. *Wynn*, 131 *Ga.* 209 (3) (62 S. E. 37, 127 Am. St. R. 212), *Gornto* v. *Wilson*, 141 *Ga.* 597 (2) (81 S. E. 860), and *O'Neal* v. *Ward*, 148 *Ga.* 62 (95 S. E. 709), will not be construed as intending to alter the rule quoted from that case, even assuming that implications may be found in the latter cases at variance therewith.

2. Moreover, "where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession." Civil Code (1910), § 3822.

3. Where a line, by either of the above-mentioned methods, has become fixed as between coterminous owners, it will be binding upon their respective grantees. *Booker* v. *Booker*, 36 *Ga. App.* 738 (138 S. E. 251).

4. Applying the above rulings, the evidence authorized the verdict found for the protestants, irrespective of the sufficiency or validity of any alleged agreement between prior owners as to the location of the line.

5. There was no merit in any of the special grounds of the motion for a new trial. The court did not err in refusing the motion.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 7, 1929. REHEARING DENIED MARCH 2, 1929.

*Victor Davidson, George H. Carswell, Sibley & Sibley,* for plaintiff. *J. S. Davis,* for defendants.

ON MOTION FOR REHEARING.

BELL, J. A joint motion for a rehearing applicable both to this case and to the companion case (No. 19024) has been made by Messrs. Sibley & Sibley, of counsel for the plaintiff in error. As indicated in the syllabus, the cases arose out of a dispute as to the location of a land line. The line in dispute was between lots 243 and 244 on the one side and lots 261 and 262 on the other. W. J. Yarbrough, the plaintiff in error in both cases, was the owner of lots 243 and 244. J. A. Stuckey and G. O. Stuckey, the defendants in error in case No. 19024, were the owners of lot 261, and J. A. Stuckey and J. E. Stuckey, the defendants in error in case No. 19023, were the owners of lot 262. The line was processioned on the application of Yarbrough, and the processioners marked the

line according to his contentions. The other parties filed protests, respectively; and the cases thus made were by agreeement tried together. The trial resulted in verdicts in favor of the protestants, after which Yarbrough filed motions for a new trial, which the court overruled, and he excepted.

In the court below the defendants in error relied in part upon an oral agreement alleged to have been made some 20 years before the litigation and to have been acquiesced in continuously thereafter by the coterminous owners, locating the line as they now seek to maintain it. One of the main contentions of the plaintiff in error in this court is that the verdicts in favor of the protestants were contrary to the evidence and to law, because it did not appear that the old or original line was indefinite, unascertained, or in dispute, or that the agreement was so executed as to make it binding upon the parties. The evidence was sufficient to authorize the inference of the making of such agreement by the coterminous owners at or about the time claimed by the protestants, and to warrant the further conclusion that the line as thus agreed to was acquiesced in by acts or declarations of the adjoining owners continuously thereafter, or at least for more than 7 years. If this evidence was true (and the jury settled that issue), the line as thus agreed upon became by acquiescence the legal divisional line, irrespective of whether the alleged agreement was attended with and followed by such circumstances as to make it effectual in the absence of such acquiescence. In other words, where coterminous owners enter into a parol agreement purporting to establish the line between their respective tracts, and the line as thus designated is acquiesced in for more than seven years by acts or declarations of the owners, such facts will raise a conclusive presumption that all the necessary concomitants of a valid agreement were present, and it will thereafter be too late to abandon or attack such agreement, because the line was not previously unsettled or the agreement was not accompanied by possession in accordance therewith or otherwise duly executed. This seems to be the meaning of the decision in *Farr* v. *Woolfolk,* 118 *Ga.* 277 (supra), which is the leading case upon the subject, and from which we quoted in the syllabus. We were thus of the opinion that the verdicts in favor of the protestants were authorized, irrespective of whether under the evidence the line could have been found established solely by virtue of

the agreement, and in the absence of such acquiescence. We adhere to such opinion. We have therefore considered it unnecessary to pass upon certain questions which were argued in the briefs of counsel for the plaintiff in error, under the general grounds, or to certify such questions to the Supreme Court, as suggested in the briefs and in the motion for rehearing. We think that what we have said both in our original opinion and in this supplement should apply equally to both cases.

We said in our original decision that all grounds of the motion for a new trial were expressly abandoned, except the general grounds with amplifications thereof. In the motion for a rehearing it is contended that we overlooked the fact that in the briefs filed by Messrs. Sibley & Sibley all grounds of the motions for a new trial were expressly insisted upon. We did not overlook this fact, but acted upon a waiver made in a supplemental brief filed, after the arguments, by Mr. Victor Davidson, who also represented the plaintiff in error. This was the last brief filed in behalf of the plaintiff in error, and, in the absence of any information to the contrary, we supposed that the waiver made by Mr. Davidson was concurred in by all the attorneys for the plaintiff in error. But assuming, without deciding, that in these circumstances we were incorrect in stating that the special grounds of the motions for a new trial were abandoned, we have amended our previous decision by withdrawing such statement, and have considered all grounds of the motions as if nothing had been said by any of the attorneys indicating a waiver or abandonment. Besides mere amplifications of the general grounds, the amendments to the motions contained only the following exceptions and assignments of error:

"8. Movant contends that the court erred in failing to charge the difference in law between the establishment of a land line by acquiescence and by a parol agreement.

"9. Movant contends that the court erred in failing to charge the law of adverse possession for twenty years by the protestants, with the attributes thereof, as required by law, to wit: actual adverse notorious possession of the alleged wire fence, in order for the establishment of title to said land beyond the old line where the rail fence had been located, and as contended for by the protestants.

"10. Movant contends that the court erred in failing to charge, that, after a prima facie case had been made by applicant, the

burden of proof was on the protestants to show by a preponderance of evidence the truth of their contentions and of the location of the land line claimed by them.

"11. Movant contends that the court erred in failing to charge the law applicable to parol agreement in the establishment of land line, and that in order for a parol agreement to be effective in law it must appear that the line was indefinite, unascertained, and in dispute, and also that the agreement must have been executed.

"12. Movant contends that the court erred in failing to charge the law relating to the establishment of the land line by acquiescence, and where acquiescence is the basis for the establishment of such a line such acquiescence must have been for seven years and manifested by acts or declarations of the owners of the adjoining land [as] provided in Civil Code, § 3821.

"13. Movant contends that the court erred in failing to instruct the jury that if the applicant had purchased said land by lots and by lot lines and had taken the deed thereto with no description except the original lot lines, and it appeared from the evidence that the alleged agreement of protestants was not to settle a disputed line, then such agreed line would not be binding on the applicant.

(a) Movant contends that the court erred in failing to charge the quantum of proof on the part of protestants necessary to rebut the prima facie case made by applicant, referred to in said charge.

"14. Movant contends that the charge of the court did not fully, completely, and clearly as required by law cover the issues made under the evidence on the trial of said case."

A ground of a motion for a new trial must be self-complete, without reference to other parts of the record. *Daniel* v. *Schwarzweiss,* 144 *Ga.* 81 (86 S. E. 239); *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (4) (91 S. E. 32); *Bennett* v. *Brown,* 164 *Ga.* 51 (137 S. E. 756). A ground of a motion for new trial complaining that the court erred in failing or omitting to charge the jury upon some specified principle of law is incomplete, where it fails to indicate within itself wherein the omitted principle would have been applicable to some material contention of the movant as made by the pleadings and the evidence. See, in this connection, *Partee* v. *State,* 19 *Ga. App.* 752 (6) (92 S. E. 306); *Hill* v. *West,* 25 *Ga. App.* 24 (102 S. E. 358); *Killabrew* v. *State,* 26 *Ga. App.* 231 (2)

(105 S. E. 711); *Caswell* v. *State*, 27 *Ga. App.* 76 (7) (107 S. E. 560); *Flake* v. *Bowman*, 28 *Ga. App.* 443 (3) (111 S. E. 747); *Savannah & Southern Railway* v. *Davis*, 28 *Ga. App.* 654 (2) (112 S. E. 907); *Monroe* v. *Warten Cotton Co.*, 29 *Ga. App.* 358 (115 S. E. 279). "The burden is on the losing party to show error, and this can only be done by a specific assignment, wherein it is made to appear that some error of law has been committed." *Spence* v. *Morrow*, 128 *Ga.* 722, 723 (58 S. E. 356). It is not error to fail to charge upon the burden of proof, in the absence of a timely and proper request. *Hickman* v. *Bell*, 10 *Ga. App.* 319 (73 S. E. 596); *Southern Ry. Co.* v. *Wright*, 6 *Ga. App.* 172 (7) (64 S. E. 703); *Askew* v. *Amos*, 147 *Ga.* 613 (5) (95 S. E. 5). "The exception to the charge 'as a whole,' and the assignments of error in connection therewith as to the 'failure' of the court to charge so-and-so, are too vague and indefinite to present any distinct question for determination by this court." *Austell* v. *James*, 97 *Ga.* 334 (22 S. E. 953); *Hill* v. *Harris*, 11 *Ga. App.* 358 (11) (75 S. E. 518). An exception that the court erred in failing to charge the law relating to a named subject is too general to present any question for decision, without a more definite statement of the principle upon which it is claimed the jury should have been instructed. *Seaboard Air-Line Ry.* v. *Randolph*, 136 *Ga.* 505 (5) (71 S. E. 887); *Spence* v. *Morrow*, supra; *Wilson* v. *State*, 156 *Ga.* 42 (118 S. E. 427); *Paulk* v. *Speer*, 143 *Ga.* 621 (2) (85 S. E. 867); *Davidson* v. *Waxelbaum*, 2 *Ga. App.* 432 (3) (58 S. E. 687).

An assignment of error in a motion for a new trial, that the charge of the court did not fully, completely, and clearly, as required by law, cover the issues as made under the evidence on the trial of the case, is fatally defective, where it contains no statement or specifications as to what issues are referred to. *Wade* v. *Eason*, 31 *Ga. App.* 256 (120 S. E. 440).

Applying these well-established rules of practice, none of the special grounds of the motions for a new trial are sufficient to require a reversal of the judgments.

*Rehearing denied. Jenkins, P. J., and Stephens, J., concur.*