20461. PENDLEY *v.* BENNETT, administratrix.

BELL, J. 1. In this suit by an administratrix to recover of the defendant the amount of certain money belonging to the intestate, and alleged to have been appropriated by the defendant to his own use, where the defendant pleaded and testified that the intestate had delivered the money to him during her lifetime, with direction to expend a part of it for specified purposes and to retain the balance as a gift, it was permissible for the plaintiff, without further pleading, to attack the validity of the alleged gift by proof that the intestate was non compos mentis at the time of the transaction, and where the evidence authorized the inference of such alleged mental incapacity, the court did not err in charging the jury upon that issue, notwithstanding the plaintiff had made no allegation, in any pleading filed, as to the mental unsoundness

of the intestate. *Central of Georgia Ry. Co.* v. *Tankersley*, 133 *Ga.* 153 (2) (65 S. E. 367); *Allen* v. *Allen*, 154 *Ga.* 581 (5) (115 S. E. 17); *Brown* v. *Globe & Rutgers Fire Ins. Co.*, 161 *Ga.* 849 (2), 854 (133 S. E. 260), and cit.; *Hancock* v. *Green Miller Co.*, 35 *Ga. App.* 81 (3) (132 S. E. 136), and cit.

2. An instruction which contained the statement that "the contract of a lunatic, idiot, or other person non compos mentis, from age or other infirmity, is utterly void under our law," and that "a lunatic may contract during lucid intervals," was not self-contradictory, but meant that the contract of a lunatic is void unless made during a lucid interval. Civil Code (1910), §§ 4232, 4237; *American Trust Co.* v. *Boone*, 102 *Ga.* 202 (3), 205 (29 S. E. 182), 40 L. R. A. 250, 66 Am. St. R., 167).

3. The exception to the court's charge upon the question of the mental capacity of the intestate, assigning the same as error because "it failed to differentiate as to a contract and a gift," and because "the court failed to instruct the jury that it took less mental capacity to make a gift than it does to make a contract," is too general to present any question for decision, since the assignment itself fails to state any definite rule of law upon which it is claimed the jury should have been instructed. *Seaboard Air-Line Ry.* v. *Randolph*, 136 *Ga.* 505 (5) (71 S. E. 887); *Spence* v. *Morrow*, 128 *Ga.* 722, 723 (58 S. E. 356); *Wilson* v. *State*, 156 *Ga.* 42 (118 S. E. 427); *Paulk* v. *Speer*, 143 *Ga.* 621 (2) (85 S. E. 867); *Davidson* v. *Waxelbaum*, 2 *Ga. App.* 432 (3) (58 S. E. 687); *Yarbrough* v. *Stuckey*, 39 *Ga. App.* 265 (5), 270 (147 S. E. 160).

4. In view of the inconsistencies in the defendant's own testimony, and of the fact that he was contradicted in material matters by the testimony of other witnesses, the jury were not bound to accept his version of the transaction in question. *Continental Trust Co.* v. *Tennille Banking Co.*, 39 *Ga. App.* 163 (2) (146 S. E. 566), and cit. The circumstantial evidence authorized the verdict for the plaintiff, and the court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 15, 1931. REHEARING DENIED FEBRUARY 28, 1931.

*A. B. Tollison, J. P. Brooke,* for plaintiff in error.
*D. C. Tallant, I. L. Oakes, A. G. Liles,* contra.