*H. J. Kennedy,* contra.

21149. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* DUMAS.

STEPHENS, J. 1. Where a driver of an automobile, before going upon a railroad track at a crossing, asked the occupants of the automobile whether the way was clear, the responses by the occupants, that they could see nothing, were, upon the trial of the driver's action for damages against the railroad company for running into him at the crossing, admissible in evidence as part of the res gestæ, and as illustrating the question of the driver's negligence, and as showing the circumstances under which he acted at the time. Civil Code (1910), § 5763; *Atlanta &c. Railway Co.* v. *Bagwell,* 107 *Ga.* 157 (33 S. E. 191; *Moss* v. *Moss,* 147 *Ga.* 311·(3) (93 S. E. 875); *Louisville & Nashville R. Co.* v. *Studdard,* 34 *Ga. App.* 570 (6) (130 S. E. 532). A statement by the court to the jury, when admitting such testimony, that it was not admitted "for the purpose of proving the thing said, but only proving this thing was said and the party acted upon their statement, whether it is true or not; it does not prove the truth of what was said, but upon what the plaintiff acted," was not subject to the objection that the court, in making the statement, expressed the opinion that the plaintiff acted upon the alleged statements.

2. It was relevant and material to the plaintiff's case to show that he left the hospital in which he was confined before he had sufficiently recovered from his injuries after being injured. Therefore the plaintiff's testimony, that while in the hospital he ascertained that one of the occupants of the automobile had died on the bed upon which the plaintiff was lying, and that for that reason he could not remain in the hospital, and that he requested to be allowed to go home, was admissible to show why the plaintiff left the hospital and was not objectionable in that it injected into the case matter respecting another person's injuries growing out of the same transaction, where the court expressly instructed the jury that the evidence was admitted for the purpose of accounting for the plaintiff's nervous condition "as the plaintiff contends."

3. A city ordinance making it "unlawful to move any train or car backward over any street crossing without having a guard placed on the rear platform, furnished with proper means of giving an alarm or notice of the approach of such train or car in this manner," was not inadmissible upon the ground that it had no application to a train or car which was being run backward over a street crossing and which con-

tained no rear platform. The ordinance, properly construed, made it unlawful to move any train or car backward over a street crossing, without a guard upon the rear of the train. It was not error prejudicial to the defendant, upon the ground that the ordinance was inapplicable and unreasonable, for the court to submit to the jury as an issue of fact the question whether the presence of the two switchmen on the rear of the train as it was backing was a substantial compliance by the defendant with the ordinance.

4. It was not error, upon the ground that the ordinance was unreasonable and void and "imposed upon the defendant a burden in interstate commerce," and deprived the defendant of property without due process of law, and imposed a burden upon the railroad company without any necessity therefor, for the court to admit in evidence an ordinance of the city requiring railroad companies to maintain continuously a watchman on duty at a street crossing having more than one track thereon, or to charge the jury that it was the contention of the plaintiff that at the time of his injury the railroad company was violating this ordinance in not having a watchman at the crossing which was traversed with more than one track, where there was more than one track on the crossing, and the court instructed the jury that they could consider whether the ordinance was reasonable and applicable to the time and place, and that they could consider whether, on account of the special local conditions and surroundings, the ordinance would or would not reasonably apply to the crossing upon which the plaintiff was injured. *City of Acworth* v. *W. & A. Railroad,* 159 *Ga.* 610 (4) (126 S. E. 454).

5. Although there may have been no direct evidence that the speed of the train was in excess of fifteen miles an hour, and although the opinion of witnesses that the train was not being operated at a speed in excess of fifteen miles per hour may have been undisputed, it was not error for the court to charge the contention of the plaintiff that the defendant was negligent in violating an ordinance of the city prohibiting the running of trains through or over any part of the city at a rate of speed greater than fifteen miles an hour, upon the ground that there was no evidence from which the jury could find that the train was being operated at such speed. From the evidence as to the distance the train ran after the automobile was hit, and from the other circumstances introduced in evidence, the jury, disregarding the opinion testimony, which they were not bound to accept, could have found that the train at the time was being operated at a rate of speed in excess of fifteen miles an hour.

6. It appearing from the evidence that the crossing was on a public street of a city and that many people crossed there, it was not error prejudicial to the defendant for the court to charge the jury that one of the contentions of the plaintiff was that although the crossing was on a public street of a large city where many people were constantly crossing, the defendant maintained no kind of device or means of guarding or warning the people against going upon the crossing while trains were approaching. *White* v. *Knapp,* 31 *Ga. App.* 344 (7 *a*) (120 S. E. 796).

7. The charge of the court as to the law with reference to the duty of a railroad company to keep the railroad crossings and the approaches

thereto in good order, as laid down in sections 2673 and 2674 of the Civil Code of 1910, and that a violation by a railroad company of the law thus laid down was negligence per se, was not error. A failure of a railroad company to comply with the duty imposed upon it by law with reference to the construction of its tracks at street crossings is negligence as a matter of law. *Lamb* v. *Robinson*, 144 *Ga.* 334 (87 S. E. 17).

8. The law in section 2674 of the Civil Code of 1910, with reference to the duty of a railroad company to keep in good order the public roads at railroad crossings, provides that the crossings which the railroad company is thus to keep in good order shall extend "for as many feet beyond, each way, as is necessary for a traveler to get on and off the crossing safely and conveniently." This applies in cities. *W. & A. R. R. Co.* v. *Atlanta*, 74 *Ga.* 774; *Atlanta & West Point R. Co.* v. *Atlanta*, 156 *Ga.* 251 (6) (119 S. E. 712). Under the evidence adduced the jury could have inferred that the approaches in the street to the railroad crossing were not kept by the railroad company in good order for as many feet beyond, in the direction from which the plaintiff approached the crossing, as was "necessary for a traveler to get on and off the crossing safely and conveniently."

9. In the absence of a special request for a charge upon the definition of the expression "according to the spirit of the road laws," as contained in section 2673 of the Civil Code of 1910, it was not error for the court to fail to give in charge to the jury the definition of this expression. *Foote* v. *Kelley*, 126 *Ga.* 799 (3) (55 S. E. 1045).; *Pye* v. *Pye*, 133 *Ga.* 246 (3) (65 S. E. 424); *Forlaw* v. *Augusta Naval Stores Co.*, 124 *Ga.* 261 (2) (52 S. E. 898); *Bullard* v. *Metropolitan Life Ins. Co.*, 31 *Ga. App.* 641 (3) (122 S. E. 75).

10. It was not error for the court to leave to the jury the question whether, under all the facts and circumstances, the defendant complied with the spirit of the road laws with respect to the crossing in question, where no request had been made to the court to define what was meant by "the spirit of the road laws."

11. The charge that no duty rested on the plaintiff "to attempt to avoid the negligence of the defendant company," if the defendant was negligent, "until the plaintiffs knew or ought to have known, in the exercise of ordinary care and diligence, of the negligence of the defendant company," was not subject to the objection that it instructed the jury that no duty rested upon the plaintiff to anticipate any danger due to the negligence of the defendant, even though he (the plaintiff) knew that he was in a dangerous place. This was substantially the rule laid down in section 4426 of the Civil Code of 1910, and it was not error to fail to charge in direct connection that a duty rests upon a person generally, when in a place of known danger, to exercise ordinary care to avoid injury to himself. *Central of Georgia Railway Co.* v. *Cooley*, 44 *Ga. App.* 118 (160 S. E. 812). Moreover, the court instructed the jury that "if a person is in a place of danger he is under the duty not only to exercise ordinary care to avoid injury to himself from dangers known to him to exist, but he is also bound to use that degree of care and caution which an ordinarily prudent person would exercise under similar

circumstances to discover approaching danger and thereafter avoid the same."

12. The charge was not subject to the objection that in instructing the jury that the plaintiff sues for pecuniary damages, such as loss of time and expenses, and also damages for pain and suffering, and for diminished earning capacity, the court, in referring to the first element of damages as being compensatory, instructed the jury that the plaintiff, in contending for damages for pain and suffering and decreased earning capacity, was contending for damages over and above what was necessary to compensate the plaintiff for the injury done. Although there may not have been any evidence as to expenses incurred by the plaintiff, the charge, in instructing the jury that the plaintiff sued for loss of time "and expenses, if he had any," was not harmful to the defendant. *White* v. *Knapp*, supra.

13. The charge which submitted to the jury the law with reference to determining the plaintiff's damage as a result of a permanent injury was not error in that it failed to instruct the jury as to the law with reference to determining the plaintiff's damages for an injury which was not permanent, although the evidence was sufficient to authorize the inference that the plaintiff's injury was not permanent. A correct statement in the charge to the jury is not erroneous because the court failed in the same connection to give other appropriate instructions. *W. & A. Railroad* v. *Bowen*, 31 *Ga. App.* 32 (119 S. E. 426), and cit.

14. Although there may have been no direct evidence that the plaintiff's injuries were permanent, and although in the opinion of physicians the injuries were temporary only, the jury were authorized to infer, from the character of the suffering and the nature of the injuries, and the length of time they had endured, that the injuries were permanent. The court did not err in submitting this issue to the jury. *Macon Railway &c. Co.* v. *Streyer*, 123 *Ga.* 279 (3) (51 S. E. 342); *Southern Railway Co.* v. *Petway*, 7 *Ga. App.* 659 (67 S. E. 886).

15. The charge of the court that, in fixing the amount representing the diminution in the plaintiff's earning capacity, they should consider that his capacity would be diminished on his growing older, that earning capacity is sometimes diminished by reason of age or sickness, or other circumstances of that character, was not harmful because of failure to instruct the jury that they should take into consideration that the plaintiff's expectancy might not be that of an average man, or because of failure to instruct them to take into consideration loss of employment, voluntarily abstaining from work, dullness in business, reduction in wages, and other causes which might contribute in a greater or less degree to decrease the gross earnings of a lifetime; the jury being elsewhere in the charge instructed that "feebleness of health, actual sickness, the loss of employment, voluntarily abstaining from work, dullness in business, reduction in wages, the increasing infirmities of age, with the corresponding diminution of earning capacity, may contribute in greater or less degree to decreasing the gross earnings of a lifetime." *City Council of Augusta* v. *Tharpe*, 113 *Ga.* 152 (2) (38 S. E. 389).

16. The charge of the court with reference to reducing to a present cash value a sum which might represent the impairment of the plaintiff's earn-

ing capacity was not subject to the objection that it instructed the jury that they should arrive at this value by reducing the sum representing the entire earnings of the plaintiff, and not by reducing a sum representing the difference between what the plaintiff's earnings would have been after the injury and what they would have been had the plaintiff not been injured, the court having clearly instructed the jury as to the rule with reference to a determination of the amount representing the plaintiff's earning capacity where his earning capacity has been decreased or materially reduced, and having also instructed the jury that in determining the amount found for impaired earning capacity, they should consider the proportion, "whether one fourth, one half, or more or less than these fractions, in which such earnings will be reduced because of his injuries."

17. An exception to the charge as failing to give "the measure of damages that would be applicable if the injuries were not permanent" is incomplete, in that it does not specify what rules as to the measure of damages are applicable where the injuries are not permanent. *Wilson* v. *State*, 156 *Ga.* 42 (118 *S. E.* 427); *Paulk* v. *Speer*, 143 *Ga.* 621 (85 S. E. 867); *Davidson* v. *Waxelbaum*, 2 *Ga. App.* 432 (3) (58 S. E. 688); *Yarbrough* v. *Stuckey*, 39 *Ga. App.* 265, 270 (147 S. E. 160), and cit.

18. The charge of the court as to the diligence required of the respective parties is not subject to the objection that it instructed the jury that a less degree of diligence was required of the defendant than of the plaintiff.

19. The charge of the court is not subject to the objection that the court expressed therein an opinion upon the facts. The charge, fairly to the defendant, submitted all the issues.

20. The evidence authorized the inference that the plaintiff was injured as a result of the defendant's negligence at a railroad crossing on a public street, and, from the nature of the plaintiff's injuries as shown by the evidence, and other circumstances, a verdict for the plaintiff in the sum of $5,000 was authorized. The evidence authorized the verdict, and no error of law appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided October 3, 1931.

*Harris, Harris & Popper,* for plaintiff in error.
*Smith & Smith, George A. Pindar,* contra.