29798. TUCKER *v.* CUMMINGS.

DECIDED MARCH 16, 1943.

*Miller & Lowrey,* for plaintiff.
*Bloodworth & Bloodworth,* for defendant.

BROYLES, C. J. Mrs. M. L. Tucker sued J. E. Cummings to recover damages for the alleged negligence of the defendant in

building a fire in his back yard to burn trash and in allowing it to spread to an open field adjoining the yard and to seriously burn plaintiff's four-gallon Jersey cow, which plaintiff's husband had staked in the field to graze. The trial resulted in a verdict and judgment for the defendant, and the question for determination by this court is whether the court erred in overruling the plaintiff's motion for new trial containing only four special grounds, three of them complaining of certain excerpts from the court's charge, and the other of the court's failure to give in charge to the jury designated written requests to charge.

Paragraph 6 of the petition alleges that the defendant was negligent: (a) "in building the fire, because it was a windy day;" (b) "in not keeping the fire under control;" (c) "in letting the fire spread into the field where the cow was;" (d) "in not perceiving that the cow was there, and taking her to safety." The defendant's answer admitted that the defendant built, or caused to be built, a fire in his back yard, and put the plaintiff on proof of the other material allegations of the petition. Paragraph 4 of the answer avers that if the cow was burned as alleged, "such burning was a direct and proximate result of plaintiff's negligence in tying her cow in a field unattended where fire was likely to break out, and in close proximity to where a similar fire had broken out the week before, and of which plaintiff was aware, and plaintiff well knew, or by the exercise of ordinary care and diligence should have known, that it was unsafe to leave her cow tied in an open field filled with inflammable substance."

1. The first special ground quotes paragraph 4 of the defendant's answer; states that the court ruled out "all testimony and evidence regarding other fires that might have occurred in close proximity to the place where the fire occurred when the alleged damage to plaintiff's cow happened;" recites that in stating the contentions of the parties the court "stated the above-quoted allegations of the defendant's answer, referring to paragraph 4 of defendant's answer;" avers that the court properly instructed the jury that the pleadings of the parties were not evidence; and finally states that the court charged the jury as follows: "The rule which requires one to avoid the consequences of another's negligence does not apply until he or she sees the danger, or in the exercise of ordinary care should have seen it or have reason to apprehend it."

The gist of the assignment of error is that the giving of the above-quoted excerpt in charge to the jury, under the circumstances stated in the ground, "led the jury to believe that they could consider the allegation of the defendant's answer about previous fires in determining whether or not the plaintiff had reason to apprehend that a fire would break out and damage her cow, since a fire had previously broken out in this locality;" and that this was especially true because the court nowhere instructed the jury that they were not to consider testimony or evidence of previous fires.

The plaintiff did not attack by demurrer the allegation in paragraph 4 of the answer that the plaintiff tied her cow "in close proximity to where a similar fire had broken out the week before," but elected to eliminate all evidence as to previous fires by objecting to the evidence regarding such fires; and the court did expressly rule out such evidence. In this situation it was certainly not error for the court to read to the jury the contentions of the parties as made by the pleadings in the case. "It is not reversible error for the court, in stating the contentions of the parties, to state these contentions as they are presented in the pleadings, even though there be no evidence, or insufficient evidence, to support the contention." *Hunt* v. *Pollard*, 55 *Ga. App.* 423, 432 (190 S. E. 71); *Georgia Power Co.* v. *Sheats*, 58 *Ga. App.* 730, 742 (199 S. E. 582), and cit.; *Robertson* v. *Abernathy*, 192 *Ga.* 694, 698 (16 S. E. 2d, 584). Furthermore, the court had ruled out "all testimony and evidence" regarding previous fires, and had instructed the jury that the pleadings in the case were not evidence. In this situation we are satisfied that charging the jury in the language of the above-quoted excerpt did not have the effect of leading the jury to believe that "they could consider the allegations of the defendant's answer about previous fires in determining whether or not the plaintiff had reason to apprehend that a fire would break out and damage her cow;" and we hold that the ground discloses no reversible error.

2. The second special ground complains of the following excerpt from the court's charge: "The plaintiff contends that the defendant knew, or should have known by the exercise of ordinary care and diligence, of the close proximity of this cow of hers to the spot where the fire was started, and that the failure of the defendant to protect the cow constituted negligence on his part, which was the proximate cause of the damage to the cow." The gist of

the assignment of error is that the charge "illegally restricted the plaintiff to one contention of defendant's negligence which plaintiff did not contend, and cast out entirely the four contentions of negligence . . which the plaintiff alleged." The four contentions of negligence referred to are stated in the ground as they were set out in paragraph 6 of the petition, supra. The fourth specification of negligence in paragraph 6 of the petition is that the defendant was negligent "in not perceiving that the cow was there and taking her to safety;" and the plaintiff herself gave testimony tending to support that averment of negligence. She substantially testified that she staked her cow in a vacant field covered with dry broom sedge; that the wind was blowing from the place where the defendant built the fire towards her cow; that the fire was built within twenty feet of the field where the cow was staked, and the cow was "some one hundred or two hundred feet from where the fire was built and could be seen from where Mr. Cummings built the fire in his back yard." The court charged all the four acts of negligence alleged in paragraph 6 of the petition. The excerpt from the charge was not error.

3. Special ground 3 complains of an excerpt from the charge of the court. The excerpt, when considered in the light of the entire charge and the facts of the case, shows no cause for a reversal of the judgment.

4. The entire fourth special ground reads as follows: "4 The refusal of the court to charge the written requests of plaintiff, numbered 1, 2, 3, 4, and 5." The written requests are not set forth in the ground or attached as exhibits thereto. "A ground of a motion for a new trial, based on the refusal of the court to instruct the jury in accordance with a timely written request, can not be considered when the request is not set out in the motion nor attached thereto as an exhibit and properly identified." *Morris* v. *State,* 129 *Ga.* 434 (2) (59 S. E. 223). Furthermore, the ground failed to allege that the requested charges were pertinent and applicable to the facts of the case, and therefore the ground is not in proper form for consideration. *Monroe* v. *Warten Cotton Co.,* 29 *Ga. App.* 358 (115 S. E. 279), and cit.

As already stated, the motion for new trial was based solely on the foregoing special grounds. Therefore the question of the suf-

ficiency of the evidence to support the verdict is not presented to the court.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*