38768.   MINCEY *et al.* v. THE STATE.

CARLISLE, Judge.   1.   The defendants were convicted of burglary.   An accomplice who pleaded guilty testified that the defendants participated with him in the commission of the crime.   The other evidence was substantially that the officers apprehended the defendants in the vicinity of the Candler County Training School late at night in an automobile in which they also found the stolen property, consisting of butter, cheese and sausage.   Investigation revealed tracks identified as tracks of one of the defendants and of the accomplice leading into the kitchen of the training school from which the stolen property was shown to have been taken.   The circumstantial evidence introduced in corroboration with the testimony of the accomplice was sufficient to lead at least to the inference that the defendants were guilty of the crime charged. It was not essential that such evidence exclude every other reasonable hypothesis save the guilt of the accused.   *Price v. State*, 208 Ga. 695 (3a) (69 S. E. 2d 253).   The evidence authorized the verdict of guilty.

2. Grounds 4, 6, 7 and 8 of the motion for a new trial complain of the failure of the court to charge the jury "sufficiently on the question of intent as to movant William Joiner"; "sufficiently on confessions"; "upon the defense set up by the defendant William Joiner and the law appropriate to the defense . . . that he had not committed the crime of burglary and had not in fact broken into or entered the school and had not committed a larceny or felony therein nor any other crime"; and, "in not instructing the jury as to the form of their verdict if they should find one or both defendants not guilty."   Such assignments of error are not sufficient to present any question for decision by the trial court and are "too general to apprize the reviewing court of the nature and character of the particular legal principle which the exceptor complains was omitted from the charge."   *Spence v. Morrow*, 128 Ga. 722 (1) (58 S. E. 356); *Paulk v. Speer*, 143 Ga. 621 (2) (85 S. E. 867); *Winford v. State*, 213 Ga. 396 (99 S. E. 2d 120); *Atlantic Coast Line R. Co. v. Godard*, 93 Ga. App. 671 (5) (92 S. E. 2d 626).

3. The portion of the charge excepted to in ground 5 of the motion was pertinent and legal, and it was not rendered

erroneous, as contended therein, by the failure of the trial court to charge in the same connection some other pertinent and legal proposition. *Belvin v. Beard,* 77 Ga. App. 681 (2) (49 S. E. 2d 546); *Burton & Class v. Connell,* 84 Ga. App. 106 (2) (65 S. E. 2d 620); *City of Decatur v. Robertson,* 85 Ga. App. 747, 750 (3) (70 S. E. 2d 135).

*Judgment affirmed. Townsend, P.J., Frankum and Jordan, JJ., concur.*

DECIDED APRIL 5, 1961.

*George H. Lane,* for plaintiffs in error.

*Walter C. McMillan, Jr., Solicitor-General, W. H. Lanier, Solicitor-General Emeritus,* contra.